200 Só.2d 871

**STATE of Louisiana**

v.

**Willie MARTIN, Jr., Willie Lee Walker, Hiram Johnson and Artis Ray Dawson.**

No. 48532.

June 30, 1967.

Walker, Hiram Johnson, and Artis Ray Dawson with a violation of LSA-R.S. 18:222. The Bills alleged that the defendants registered falsely and illegally as voters by knowingly making a false statement that they had not been convicted of a felony in their registration applications. The court overruled defendants' motions to quash the Bills of Information. By consent of counsel, the cases were consolidated for trial. The trial judge found the defendants guilty as charged and sentenced each of them to pay a fine of $500 and costs and in default of payment of the fine to serve six months on the parish prison farm. Having perfected three bills of exceptions, the defendants appealed to this Court from their convictions and sentences.

### Bill of Exceptions No. 1

Defendants reserved Bill of Exceptions No. 1 to the overruling of a motion to quash the Bills of Information on the ground that prosecution of these cases represented discriminatory enforcement of the penal provisions of LSA-R.S. 18:222, in violation of The Due Process and The Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Attached to the Motion to Quash was a Notice published in the Madison Journal from the Madison Parish Registrar of Voters announcing that forty-five named persons, including defendants, would be purged from the registration rolls because of prior

Murphy W. Bell, Baton Rouge, Robert F. Collins, Nils R. Douglas, Lolis E. Elie, Richard B. Sobol, New Orleans, John O. Fox, Washington, D. C., for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., for appellee.

SANDERS, Justice.

This is a criminal proceeding. In separate Bills of Information, the State charged Willie Martin, Jr., Willie Lee

felony convictions, unless they could prove a restoration of citizenship.

The record discloses that the District Attorney filed criminal charges against the four defendants in this prosecution, as well as three other registrants. The complaint is based upon the circumstance that only seven of those on the purge-list were prosecuted.

The Registrar of Voters testified that the seven defendants had falsified their applications, while the remainder of the registrants had disclosed their criminal conviction in their applications. Hence, the charge of discrimination is unfounded.

Also under this Motion to Quash, the defendants argue in brief that the Bills of Information should be set aside because of racial discrimination in this prosecution. Allegedly, only negroes have been charged under the statute. As filed, the Motion to Quash contains no such allegation. As we have noted, the motion was based on the prosecution of only seven of the forty-five registrants on the purge-list. Since racial discrimation was not alleged in the Motion to Quash, the question is not properly before us. Moreover, we find no basis in fact or in law to quash the charges on this ground.

The Bill of Exceptions lacks merit.

*Bill of Exceptions No. 2*

Defendants reserved Bill of Exceptions No. 2 to the overruling of a second motion to quash the Bills of Information on the ground that the present prosecution violates the Voting Rights Act of 1965, U.S.C. 42:1973i(b). Clearly, this prosecution for false and illegal registration does no violence to the foregoing statute. By its terms, it applies to citizens who are "otherwise qualified to vote." See U.S.C. 42:1973i(a).

*Bill of Exceptions No. 3*

The defendants reserved Bill of Exceptions No. 3 to the overruling of a motion for a new trial, wherein the defendants alleged there was "no evidence presented by the state that any of the defendants had the state of mind required under LSA-R.S. 18:222 for conviction."

Article VII, Section 10 of the Louisiana Constitution limits the scope of appellate review by this Court in criminal cases to "questions of law." It is only when there is no evidence at all of an essential element of the crime charged that the Court may set aside the conviction. Stated differently, when there is some evidence to sustain the conviction, this Court cannot pass upon the sufficiency thereof. State v. Gatlin, 241 La. 321, 129 So.2d 4; State v. McDonnell, 208 La. 602, 23 So.2d

230; State v. Holder, 159 La. 82, 105 So. 232; State v. Gani, 157 La. 231, 102 So. 318.

Apparently, defendants' argument is that the convictions must be reversed because the record contains no evidence of defendants' knowledge of the falsity of the registration statement and of *specific* intent.

■ The crime charged in the present case required no *specific* intent. LSA-R.S. 18:222 specifies no such intent. See LSA-R.S. 14:10 [1], 11 [2].

Under the charge against defendants, LSA-R.S. 18:222 requires that the statement of no felony convictions in the application be "knowingly" false. The Bill of Information is based in part upon the following provision of the statute:

"No person shall *knowingly* present, for any purpose within the purview of this Chapter, an affidavit or other document containing a false statement." (Italics ours.)

1. "LSA–R.S. 14:10:
"Criminal intent may be specific or general:
"(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
"(2) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to

■ The trial judge recognized that such knowledge was required. He ruled that such knowledge could be inferred from the facts and circumstances shown by the evidence. In our opinion, his ruling is correct. Though subjective, guilty knowledge may be inferred from the totality of the facts and circumstances.

We have reviewed the record and find as to each defendant there is some evidence that in registering to vote he knowingly made a false statement that he had not been convicted of a felony. The circumstances explored in the evidence include education, previous experience, knowledge of the prior felony conviction, reading of the penal clause to the applicant by the Registrar, and special registration instruction received by the defendants.

Since there is substantial evidence to establish all elements of the offense charged, the Bill of Exceptions must fail.

For the reasons assigned, the convictions and sentences are affirmed.

the prescribed criminal consequences as reasonably certain to result from his act or failure to act."

2. "LSA–R.S. 14:11:
"The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms 'intent' and 'intentional' have reference to 'general criminal intent.' "