257 So.2d 652

**STATE of Louisiana**

**v.**

**Mattie COLEMAN.**

**No. 51763.**

Jan. 4, 1972.

Rehearing Denied Jan. 27, 1972.

Richardson & Lilly, Roy M. Lilly, Jr., Bogalusa, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., John N. Gallaspy, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Mattie Coleman, was tried by jury and found guilty of manslaughter. La.R.S. 14:31. She was sentenced to ten years in the state penitentiary. She appeals this sentence and conviction.

The defendant reserved and perfected two bills of exceptions. The first bill of exceptions alleges the trial court erred by refusing to permit a direct question to several of the proposed jury members during the voir dire examination. The defense, after satisfying itself that the prospective jurors had no preconceived feelings towards the accused's guilt, asked the following question: "If the prosecution fails to change that present feeling, what will your verdict be?" Upon objection by the State, the court ordered the question rephrased. The defense then asked the prospective jurors, ". . . if the prosecution fails to change your mind, can each of you reach a verdict of not guilty?", to which question they responded affirmatively. The defendant's counsel maintains he should have been able to phrase his question in direct form rather than being forced to elicit responses through leading questions requiring short "yes or no" answers.

This contention is without merit. The voir dire examination in each criminal case is within the discretion of the trial court and will be sustained unless unwisely exercised, providing that it allows considerable latitude in the examination of jurors. La.C.Cr.P. art. 786; State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). We find no abuse of discretion under the circumstances of this case.

The second bill of exceptions was perfected to the denial of a motion for a new trial. The motion claims there was no evidence to sustain a verdict of manslaughter.

Upon reviewing the record we find defendant's contention that there is a total lack of evidence to sustain a conviction of manslaughter to be without merit. From her own testimony the defendant admitted that the decedent, her husband, had been arguing with her for several hours prior to the shooting, while they were drinking in a bar. One of the State's witnesses, the wife of the bar owner, stated she saw the defendant pull the gun and shoot the deceased as the two were moving in the direction of a jukebox located within the bar. In his dying declaration the deceased stated, "Mattie done kilt me. * * * She done shot me. * * *."

 It is only when there is no evidence at all of an essential element of the crime charged that this court may set aside the conviction on appeal. When there is some evidence to sustain the conviction, this court cannot pass upon the sufficiency thereof. State v. Martin, 250 La. 991, 200 So.2d 871 (1967), and cases cited therein.

In addition to the two bills of exceptions, the defendant alleges further error by motion in arrest of judgment, denied by the trial judge. This motion alleges two errors: (1) the indictment was defective, and (2) the offense charged is not punishable under a valid statute.

These allegations are without merit. This court has previously upheld (1) the constitutionality of the short form indict-ment for the charge of manslaughter, and (2) the validity of the manslaughter statute, La.R.S. 14:31, finding that the crime intended to be denounced thereby ". . . makes clearly manifest the offense intended to be defined." State v. Nichols, 216 La. 622, 626, 44 So.2d 318 (1950). See also State v. Cooper, 249 La. 654, 190 So.2d 86 (1966).

For the reasons assigned, the conviction and sentence are affirmed.