PER CURIAM.
 

 The defendant Grady Brewer, was tried' by jury and found guilty of Murder, La.R. S. 14:30. He was sentenced to life imprisonment in the State Penitentiary. He appeals this conviction and sentence, relying on 11 bills of exceptions to obtain a reversal.
 

 Bill of Exceptions No. 1, though-not argued by defense counsel in his brief and therefore considered abandoned, is.
 
 *118
 
 nevertheless without substance. Here, defendant alleged he had the right to be advised of the list of State’s witnesses. It is well settled in our jurisprudence that the ruling which permits a pretrial inspection >of written statements by an accused does not apply to such extended pre-trial discovery. See State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969).
 

 Bills of Exceptions Nos. 2, 6 and 7 all relate to the introduction of the alleged murder weapon, a knife. The defendant -contends that prejudicial error occurred when the trial court overruled his motion for suppression of the knife into evidence based upon the grounds of, (1) lack of probable cause for his arrest; (2) subsequent alleged illegal seizure of the knife; (3) failure of the arresting officers to advise him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (4) because the State allegedly failed to show conclusive identification and proper chain of custody -of the knife.
 

 First, as to the contention of the lack of probable cause for the defendant’s arrest:
 

 On the trial of the motion to suppress under this contention, the burden of proof was on the defendant. La.C.Cr.P. art. 703(C). The defendant presented no evidence to support this allegation. Only the defendant and his mother took the stand to testify on other issues but neither contributed any supporting evidence that the arresting officers did not have probable cause to make a warrantless arrest for the murder. La.C.Cr.P. art. 213.
 

 Second, in regard to the subsequent seizure of the alleged murder weapon: Actually no search and seizure were involved here when the police obtained the knife by following specific directions of the accused and his mother. The police, who exerted no effort to coerce or dominate either the accused or his mother, were not obligated to refuse the defendant’s directions and his request for them to take the knife from the designated hiding place, a clothes basket. See also, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). We therefore, find this aspect of the defendant’s contentions to be without merit.
 

 Thirdly, the defendant alleges he was not advised of his right to remain silent at the time of his arrest, pursuant to Miranda,
 
 supra.
 
 We find no merit to this objection. Miranda expressly excludes from its prior-warning requirements spontaneous volunteered statements given without compelling influence or custodial interrogation (i.e. questioning). 384 U.S. 478, 86 S.Ct. 1630. See also State v. Hall, 257 La. 253, 242 So.2d 239 (1970). As was confirmed by the defendant’s own testimony, he voluntarily, spontaneously asked the
 
 *120
 
 officers, “don’t you want the knife?” and then proceeded to tell them where to find it.
 

 Fourthly, it is contended that the State failed to establish the chain of custody of the knife with sufficient certainty, and the evidence should not have been admitted. Specifically, the defendant complains that the knife was admittedly misplaced by the State and was not available at the outset of the trial. At the trial, however, the State did introduce the knife through the identification of its witness, Dr. Stuart DeLee, who identified it, based on the brown envelope in which it was placed. The objection is addressed to the weight, not to the admissibility, of the evidence. State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).
 

 We find no mefit to Bills of Exceptions Nos. 2, 6 and 7.
 

 Bills of Exceptions Nos. 3 and 4 both pertain to continuances granted to the State over objections entered by the defendant. We find no abuse of discretion in, and no prejudice flowing from, the ruling of the trial court. La.C.Cr.P. art. 712. These bills of exceptions are without merit.
 

 Bill of Exceptions No. 5 deals with the denial of the defendant’s objection to the admissibility -of photographic evidence which depicts the deceased as he lay on the floor where he died. The basis for the objection was that the photographs were-“gory”.
 

 As stated in State v. Hall, 256 La. 336, 236 So.2d 489 (1970), and again reiterated in State v. Maiden, 258 La. 417, 246 So.2d. 810 (1971), “[t]he fact that objects or photographs constitute or portray a repulsive spectacle and tend to prejudice the jury furnish no valid grounds for their exclusion where they are otherwise relevant * * * These photographs were clearly relevant to the burden imposed upon the-State to establish the killing beyond a, reasonable doubt.” As in State v. Hall, supra, they were illustrative of the manner in which the killing was 'accomplished. See State v. Mehan, 262 La. 611, 264 So.2d. 581 (1972) and cases cited therein.
 

 Thus, we find no error in the ruling of the trial judge permitting the introduction, of the photographs in evidence.
 

 Bills of Exceptions Nos. 8, 9 and' 10 were taken to the trial court’s overruling defense counsel’s post-trial motions that the state had failed to identify the deceased as the person named in the indict-ment. There was some evidence as to the identity of the victim. When there is some-evidence to sustain the conviction, this court cannot pass upon the sufficiency thereof. State v. Coleman, 260 La. 897, 257 So.2d 652 (1972). The allegations in-Bills of Exceptions Nos. 8, 9 and 10 are without merit.
 

 
 *122
 
 Bill of Exceptions No. 11 takes exception to the trial court’s denial of defendant’s Motion to Furnish a Full Trial Transcript. Defense counsel bases his argument on a U.S. Court of Appeal (Fifth Circuit) case, Mack v. Walker, 372 F.2d 170 (1966), wherein that Court stated that when a defendant alleges his being found guilty is “contrary to law and the evidence” or that there was “no evidence” to sustain his conviction, he shall be supplied a full transcript notwithstanding La.C.Cr.P. art. 844 which refers to the ingredients of the Bill of Exceptions as forming the basis for appellate review by this Court.
 

 In this case the defendant filed a motion for a new trial on the grounds that the verdict was “contrary to the law and evidence.” This motion was followed about two weeks later by an amended motion for a new trial which alleged there was “no evidence” to support the conviction. Taken together, neither the original motion for a new trial or the amended motion present anything for this Court to review where the motions are devoid of any proof or allegations of what the missing evidence is or what elements of proof were omitted. At best, the list of grounds on which the accused bases his motions for a new trial are speculative, and it was clearly within the province of the jury to have determined to its satisfaction the sufficiency and weight of the evidence on these grounds in making their determination of guilt or innocence. At no place does the defendant allege that a factual element essential to a lawful conviction is omitted from the proof. Only general allegations as to the sufficiency of the evidence are set forth.
 

 In our state, the scope of appellate review in criminal matters covers “questions of law alone.” Determination of the factual questions of guilt or innocence, such as whether or not the defendant acted in self-defense, or in the heat of passion upon provocation, or was under the influence of alcohol, as he alleges inter alia, is within the sole province of the jury. La.Const. Art. 7, Sec. 10; Art. 19, Sec. 9.
 

 Further, pursuant to La.C.Cr.P.art. 858, this Court may not review the granting or the- refusal to grant a new trial, except for error of law. We are not directed to any legal error and we find none here.
 

 Neither do we find the error complained of (failure to provide a full transcript) has resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right. La.C.Cr.P. art. 921. The evidence attached to the bills of exceptions in the instant case provides a full base for appellate review on the questions of law-
 
 *124
 
 The situation alleged by the accused does not fit the “exception to the general rule” advanced by the Circuit Court of Appeal in Mack v. Walker, supra. Neither is the decision in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) also cited by defense counsel, controlling. Under these circumstances, we do not find the trial court committed any error. This bill of exceptions is without merit. State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969).
 

 For the reasons assigned, the conviction and sentence are affirmed.