302 So.2d 888 (1974)
STATE of Louisiana
v.
Tony PETERS.
No. 55037.
Supreme Court of Louisiana.
October 28, 1974.
Rehearing Denied November 27, 1974.
*890 Charles H. Finley, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
By bill of information defendant was charged with distribution of heroin, a controlled dangerous substance. La.R.S. 40:971 (a)(1) (Supp.1970), as amended by La.Acts 1970 No. 457, § 1.[1] He was tried on April 19-21, 1972 and found guilty by a five man jury. He was sentenced to thirteen years at hard labor. Prior to and during trial defendant reserved one hundred five bills of exceptions; he urges all on appeal. In order to discuss these bills, we have grouped them according to the subject matter of the objection.
Bills of Exceptions Nos. 1-14

Nos. 1-14
These bills deal with the motion for a bill of particulars filed by the defendant and a request for all photographs, tape recordings, video tapes and movies taken of the defendant. The bill of particulars requested the following information:
"1. The place in the City of Lake Charles, Parish of Calcasieu where the alleged distribution of heroin took place which is referred to in the Bill of Information and allegedly committed by the defendant.
"2. The time of day or night on November 29, 1971 when the alleged distribution of heroin is said to have been committed.
"3. The place and location on which the defendant was arrested for the alleged offense.
"4. What act or acts consisted of the alleged distribution of heroin as set forth by the Bill of Information placed against defendant.
"5. Was the alleged act or acts of distribution of heroin performed at the time of the arrest.
"6. Was the alleged act of distribution of heroin incident to an alleged charge of vagrancy.

*891 "7. Will it be contended by the State that the defendant is one who is a main distributor or pusher of heroin.
"8. If it is contended by the State that the defendant is a main pusher of heroin, what was the defendants source of income received from such sales.
"9. On what other days during the week preceding November 29, 1971 did defendant allegedly distribute heroin excluding November 29, 1971.
"10. On what other day did defendant after November 29, 1971 allegedly distribute heroin in the City and Parish stated.
"11. If the answer to the two questions above Nos. 9 and 10, is yes, then state the exact time and place and location and to whom distribution of the heroin was made.
"12. At the time of arrest of your defendant was anyone else present with him, and if so, state his name and address.
"13. Was any other third person or persons standing behind or near the defendant at the time of the alleged distribution and arrest charged in the Bill of Information, if so, give names and addresses.
"14. Will the District Attorney office attempt to file any other charges in connection with the alleged distribution of heroin contended in the Bill of Information.
"15. If the answer to this question is yes, what will be the charge."
The State answered questions 1 and 2 of the application for bill of particulars and agreed to supply any written confession; it refused to provide any further information. A bill of exceptions was reserved when the trial court refused to require the State to produce any oral confession, enlarge upon its answers or respond to the remaining questions. As has been stated by this court, there is no general pretrial discovery. Discovery is limited to specific instances provided by statute or where there is a unique need on the part of the defendant. See State v. Baker, 288 So.2d 52 (La.1973). We do not find any error in the trial court's refusal to require additional information from the State.
These bills are without merit.
Bill of Exceptions No. 15
This bill was reserved when the trial court denied defendant's motion to suppress the heroin involved in the case. Defendant contended that it had been illegally seized. There was no seizure or search in this case; the heroin had been purchased by an undercover agent from the defendant.
This bill is without merit.
Bills of Exceptions Nos. 16 and 17
These bills were reserved when the trial court denied defendant's motion to quash based upon a defective bill of information. We find the indictment to have properly charged the defendant. The defendant also attempted to follow an improper procedure of introducing evidence after a denial of his original motion to quash. The proper time for presentation of evidence was prior to the court's decision.
These bills are without merit.
Bills of Exceptions Nos. 18-22
These bills were reserved when the trial court denied defendant's motion to quash based upon the improper selection of the jury venire and then attempted to explain the procedure followed when compiling a jury venire to defense counsel. The clerk of court conceded that women who had not filed a request for jury service had been eliminated from the jury venire list. This was in accordance with La.Const, of 1921, Art. VII, § 41 and C.Cr.P. *892 402. The constitutionality of these provisions of our law has been consistently up-held by this court. See State v. Stevenson, 292 So.2d 488 (La.1974) and State v. Womack, 283 So.2d 708 (La.1973).
The clerk of court denied defendant's contention that blacks had been systematically excluded from the jury venire and testified that the lists obtained from the registrar of voters did not contain any designation of race. Defendant failed to produce any evidence to establish a prima facie case of discrimination as required by Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). All officials of the court but the registrar were made available to defense counsel; the registrar was sick and the trial court properly determined that the clerk of court could provide the necessary information.
There is no merit to these bills.
Bills of Exceptions Nos. 23-25; 31-35; 38-72; 75; 76; 81; 83-97
These bills involved the exercise of the trial court's discretion with regard to a motion for continuance, sequestration of witness orders (separation of witnesses for the State and defense because of hostility) and their enforcement, refusal to issue a bench warrant for a nonexistent person, sufficiency of the foundation laid for the introduction of evidence, and control of the interrogation of witnesses with respect to relevancy, proper cross and redirect examination, leading forms of questions, narrative answers, irrelevant direct examination, and scope of testimony in rebuttal. The trial court is given great discretion in these areas. C.Cr.P. 764; R.S. 15:275; R.S. 15:277; R.S. 15:278; R.S. 15:280-282; R.S. 15:456-460. Our review of the proceedings and decisions of the trial court in the listed bills does not reveal any abuse in the trial court's discretion and power to control its courtroom procedure.
These bills are without merit.
Bills of Exceptions Nos. 26-30
These bills deal with the trial court's control of voir dire interrogation granted it by C.Cr.P. 786, which reads as follows:
"The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case."
Defense counsel attempted to pose the following questions to prospective jurors:
(1) "Do you have sufficient knowledge about colored people to know how they live?"
(2) "Have you ever participated in any charitable events, activities ... any charitable events of any kind?"
The trial court ruled that these questions were irrelevant to a determination of whether the prospective juror had the qualifications listed in C.Cr.P. 401 and 797. We do not find any abuse of discretion.
Conversely, the State was permitted to ask, "Have you every had anyone in your family, or close to you, with a drug problem?" We agree with the trial court that this was relevant in a heroin distribution case to determining the impartiality and ability of the prospective juror to serve in a drug case. C.Cr.P. 797, 798.
We do not find any error in the trial court's decision with regard to the voir dire examination.
These bills are without merit.
Bills of Exceptions Nos. 36-37; 77-80;
These bills dealt with defendant's attempt to impeach a witness for the State. *893 Bills Nos. 36 and 37 involved the defendant's attempt to obtain the police record of the undercover agent who had testified for the State. When this request was denied, defendant attempted to question the witness concerning the prior arrests of that agent. The contents of the police record and the number of arrests of the undercover agent were irrelevant for the purpose of impeachment. Only convictions may be used to impeach the credibility of a witness, and defendant was not restricted in the examination concerning convictions. R.S. 15:495.
Bills Nos. 77-80 and 82 were reserved to rulings sustaining objections by the State to defense questions posed to Davis, a defense witness. The apparent effort was to show that Fontenot, a State's witness, had used narcotics, in order to attack his credibility. "When the general credibility is attacked, the inquiry must be limited to general reputation, and can not go into particular acts, vices or courses of conduct." R.S. 15:491. The relevance of some of the questions in this group cannot be determined from the record before us. Other questions inquire about collateral facts or irrelevant matter. R.S. 15:494.
These bills are without merit.
Bill of Exceptions No. 73
This bill was reserved when the trial court denied defendant's motion for a directed verdict of acquittal. Under the jurisprudence at the time of trial, a trial court could not grant a directed verdict. See State v. Graves, 259 La. 526, 250 So.2d 727 (1971) and cases cited therein. Subsequently, this court held that a directed verdict could be granted if there was no evidence to support a conviction. State v. Douglas, 278 So.2d 485 (La.1973). Whether that decision is retroactive is of no moment in the instant case as the record before us discloses evidence from which a jury could infer the guilt of the defendant. The undercover agent was searched prior to his meeting with the defendant and left the company of police officers without any heroin or other narcotic. After his meeting with the defendant he transferred to the officer packets which were identified at trial to contain heroin.
This bill is without merit.
Bill of Exceptions No. 74
This bill was reserved when the trial court permitted the State to ask the defense witness why the defendant was under his supervision, i. e., why was he on probation or parole. The relevance of this question does not appear from the portion of the testimony attached to the bill; nevertheless, the witness had been called by the defendant, and had testified that he was a probation officer and knew the defendant from the performance of his duties as a probation and parole officer. Any prejudice to the defendant from the information that defendant was on probation after conviction of a crime was caused from defendant's own questions of this witness.
This bill is without merit.
Bill of Exceptions No. 98
This bill was reserved when the State in closing argument discussed the seriousness of drug addition and the need to suppress it in the community. Defendant contends this was an appeal to prejudice in violation of C.Cr.P. 774. We agree with the trial court that in the context of a prosecution for distribution of heroin this was not an appeal to prejudice. See Comment, 34 La.L.Rev. 746 (1974).
This bill is without merit.
Bills of Exceptions Nos. 99 and 100
These bills were reserved when the trial court denied defendant's request for a free complete transcript. Under our bill of exceptions procedure defendant is *894 entitled only to a free copy of the parts of the transcript which form the content of his perfected bills of exceptions. State v. Brewer, 263 La. 113, 267 So.2d 541 (1972); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); State v. Anderson, 254 La. 1107, 229 So.2d 329, reversed on other grounds, 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861 (1971).
These bills are without merit.
Bills of Exceptions Nos. 100-102
These bills were reserved when, after defendant had been convicted, the trial court denied defendant's motion for a continuance, request to present evidence after the denial, and a request for additional delay in sentencing until the transcript was filed. Defendant has not shown any abuse of discretion by the trial court.
These bills are without merit.
Bill of Exceptions No. 104
This bill was reserved on the ground that the statute, under which the defendant was sentenced, was unconstitutional. The reasons defendant claim the statute unconstitutional were not articulated before the trial judge and are not expressed in defendant's brief in this court.
This bill is without merit.
Bill of Exceptions No. 105
This bill was reserved when the trial court denied defendant's request for a stay of sentence pending appeal. As the trial court noted, it was without jurisdiction over the case upon the entering of the appeal which had previously been done. C.Cr.P. 916. Furthermore, as defendant had been sentenced to thirteen years at hard labor, he was not entitled to bail pending appeal. C.Cr.P. 314.
This bill is without merit.
For the assigned reasons, the conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
The defendant filed a motion styled "Prayer for Oyer" seeking production of any and all oral and written confessions made by defendant. At the hearing on the motion the State agreed to furnish any written confession it may have had but refused to supply the other information sought. When the trial court refused to require the production of any oral confessions, the defendant reserved a bill of exceptions.
Recently this Court has granted writs which recognized defendants' right to move to suppress oral confessions and required trial courts to hold hearings on defense motions to suppress oral confessions, bringing these oral statements within the purview of Code of Criminal Procedure Article 703. See State v. Jenkins, No. 55,462 on our docket, 302 So.2d 20 (La.1974) granted October 18, 1974. See also State v. Davis, No. 55,325 on our docket, (La.1974), writ of certiorari dismissed October 17, 1974. Such extension of C.Cr.P. Art. 703 naturally contemplates defendant's right to discover, by way of a motion or a bill of particulars, whether oral confessions exist. If the State indicates it possesses an oral confession, then a motion to suppress the oral statement is proper and a hearing to determine admissibility must be held.
In the present case, the defendant does not allege, nor does the record reveal, that any oral confession was in existence nor that such evidence was introduced at his trial. Therefore, no prejudice flowing from the trial court's refusal to require the production of oral confessions has been established.
I respectfully concur.
NOTES
[1] At the time the alleged offense took place (November 29, 1971) the appropriate sections of the statute read:

"(a) Except as authorized by this subpart, it shall be unlawful for any person knowingly or intentionally:
"(1) to produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance;
"(2) to create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.
"(3) to possess a controlled dangerous substance enumerated in Section 963 of this Sub-Part in the course of his business as a sales representative of a manufacturer or distributor of dangerous substances enumerated in Schedules I through IV of Section 963, except pursuant to an order or prescription.
"(b) Any person who violates subsection (a) with respect to:
"(1) a substance classified in Schedules I or II which is a narcotic drug, upon conviction shall be sentenced to a term of imprisonment at hard labor for not more than 30 years or pay a fine of not more than $15,000, or both.
"(2) any other controlled dangerous substance classified in Schedules I, II, or III shall, upon conviction be sentenced to a term of imprisonment at hard labor not more than 10 years or pay a fine of not more than $15,000, or both.
"(3) a substance classified in Schedule IV shall, upon conviction be sentenced to a term of imprisonment with or without hard labor for not more than 5 years or pay a fine of not more than $5,000 or both."