223 So.2d 829

**STATE of Louisiana**

v.

**James BURKE.**

No. 49587.

June 9, 1969.

Gerald P. Aurillo, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Louis Brown and James Burke (the latter referred to hereinafter as the accused or the defendant) were indicted for the murder of one Lester Pichon. Brown pleaded guilty to a reduced charge of manslaughter, and he was sentenced to serve ten years in the penitentiary.

Burke pleaded not guilty. And after trial he was convicted of murder without capital punishment and sentenced to life at hard labor in the penitentiary. He is appealing from such conviction and sentence.

No bills of exceptions were reserved during the trial. However, the accused did reserve a bill to the court's overruling of a motion for a new trial, it being based on alleged newly discovered evidence and an allegation that the verdict was contrary to the law and the evidence.

Also during the hearing on such motion, as well as after its overruling, he did reserve several other bills, later perfected, when the court denied him the right to question certain state witnesses, who had testified at the trial, and refused to order a transcript prepared.

In connection with his bill taken to the overruling of his motion (bill No. 5) the defendant points out that during the trial he had called as a witness the codefendant (Brown) who was then in the penitentiary. He asserts that after the trial he learned that, when he (the accused) was serving a prior sentence, Brown had cohabited with his (the accused's) wife, and that "Naturally, then, Brown's testimo-

ny would be biased against the defendant, who Brown undoubtedly wanted out of the way."

In his per curiam the trial judge observed that "The defendant does not state in his motion how this could have affected the verdict, but the court nevertheless heard evidence from Alida Burke who admitted the cohabitation, and from Louis Brown, who denied said cohabitation. Whether true or untrue, it could not have affected the verdict in any manner."

We find no fault with the court's ruling. Brown was the defendant's witness and defense counsel had discussed the case with him prior to the trial.

Furthermore, it does not appear that his testimony was prejudicial. To the contrary, it directly contradicts the theory of the state's case that Brown and the accused were together, in Brown's car, at the site of the murder some time after a fight in a bar. And it supports fully the testimony of the accused that after such fight the latter had gone home with his wife, Brown having testified that immediately following the altercation he (Brown) left the bar, went by himself to get some chicken, beer and cigarettes, and that he had not seen the defendant any more that night. As the trial court observed "The jury just did not believe the defendant *or the codefendant,* in view of the overwhelming evidence of defendant's guilt beyond a reasonable doubt." (Italics ours.)

Clearly, then, as the trial judge said, the showing of the asserted relationship between the witness Brown and the accused's wife could not have affected the verdict of the jury.

Secondly, it is urged in the motion that the verdict of the jury was contrary to the law and evidence. We have said time and time again that such an assertion presents nothing for our review. It is only when it is alleged that there is no evidence to support a conviction that this court can look to the transcript to determine if there is any proof tending to show the guilt of the accused; and, if there is, however slight it may be, the verdict will not be disturbed.

We have examined the transcript of the evidence herein and find that it amply sustains the district court's observation that the evidence of the defendant's guilt was overwhelming.

In this connection, it was also alleged in the motion that, in view of the testimony of some of the defense witnesses as to the accused's presence at an address some distance from the scene of the crime, the defendant could not have been involved in the homicide. And he urges in this court that this physical impossibility amounts to no evidence of his guilt.

We do not agree. Conceding arguendo that we should consider the evidence on the basis urged, it does not reveal the alleged "impossibility" which is based on cer-

tain time and distance calculations. The defendant attempts to show that he could not have been at the scene of the crime as alleged because other testimony shows that then he was somewhere else. First of all, the various times referred to were clearly approximations by the witnesses, including that at the time of the killing. Moreover, his presence elsewhere, even if testified to by his witnesses, would merely amount to a conflict between their testimony and that of the state's witnesses. A resolution of such conflict is a matter which addresses itself to the jury.

 Bills of exceptions Nos. 1, 2, 3 and 4 are not briefed and were not discussed in oral argument. We assume that they have been abandoned. However, we have examined them and find that they are not meritorious. They were reserved when defendant's counsel, on the hearing held in connection with the application for a new trial, commenced to cross examine certain state witnesses for the purpose of traversing the testimony given by them at the trial. We think that the judge properly sustained the state's objection to such procedure, this being a matter which had already been passed on by the jury.

Bills of exceptions Nos. 6 and 7 were reserved to the court's overruling of the defendant's motion for a complete transcript of the proceedings (No. 6 before sentence was pronounced, and No. 7 after the motion for a new trial was overruled).

 Inasmuch as the defendant neither briefed nor argued these bills we are at a loss to see how he was prejudiced by the court's rulings. This is particularly true since the entire transcript of the testimony appears attached to the record for whatever benefit it might have been to him.

The conviction and sentence are affirmed.

McCALEB, J., absent.