PER CURIAM.
The defendant was indicted for murder and found guilty without capital punishment at his trial by jury. He was sentenced to life imprisonment and appeals his conviction and sentence.
On appeal, the defendant relies upon two Bills of Exceptions reserved and perfected during his trial. In his first Bill of Exception the defendant argues the trial judge committed error when he excluded certain testimonial' evidence as being irrelevant. Upon cross-examination of the victim’s sister, counsel for the defense sought to elicit information concerning a prior scar on the victim’s body. The victim’s sister indicated she believed the scar was the result of a prior stab wound. After so indicating, she was asked, “Do you recall the night he was stabbed?”. The State objected and when the Court required counsel for the defense to show the relevancy of this line of questioning, he answered, “Well, we have a case here — I’m not saying this is my defense, but I think the fact that he did have a stab wound, there must be some reason for it.” In his. Per Curiam to this bill of exception, the trial judge stated that this was an old scar which was in no way shown to be related to the victim’s death by gunshot wounds.
Counsel for the defense argues in his brief that he was attempting to delve into the dangerous character of the deceased in order to sustain his self defense argument. See La.R.S. 14:20, 21. If this was counsel’s purpose he should have made it clear to the Court. Counsel for the defense did not lay a proper foundation for this line of questioning by either showing evidence of hostile demonstration or overt act on the part of the victim as required by La.R.S. 15:482. From the facts as they had developed at this point of the trial, we cannot say the trial judge abused his discretion in finding this line of questioning irrelevant. La.R.S. 15:441; State *30 v. Murphy, 234 La. 909, 102 So.2d 61 (1955). We find this bill of exceptions lacks merit.
Defendant’s second Bill of Exceptions was taken to the denial of the motion for new trial. The motion for new trial alleged, “Malice after thought (sic) was not proven beyond a reasonable doubt. In fact, there was no showing by evidence of any malice whatsoever.” The defendant further reiterated his specification of error set forth in Bill of Exceptions No. 1.
 We assume that counsel for' defendant intended to contend the State did not prove beyond a reasonable doubt that the offender had a specific intent to kill or to inflict great bodily harm, See La.R.S. 14:30; however, we find there is ample evidence in the record from which a jury could have presumed such intent. It is only when there is no evidence at all of an essential element of the crime charged that this Court may set aside the conviction on appeal. When there is some evidence to sustain the conviction this Court cannot pass on the sufficiency thereof. State v. Coleman, 260 La. 897, 257 So.2d 652 (1972). This second1 bill of exceptions lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs in the decree.-