296 So.2d 302 (1974)
STATE of Louisiana
v.
James Edward PORTER.
No. 54206.
Supreme Court of Louisiana.
June 10, 1974.
*303 Warren J. Hebert, Baton Rouge, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Diane Jenkins, Sp. Prosecutor, for plaintiff-respondent.
MARCUS, Justice.
On November 2, 1973, James Porter, Joseph W. Williams and Wilbert Johnson were jointly tried by a judge in the 19th Judicial District Court for possession of marijuana in violation of R.S. 40:966(C). The trial judge found Williams not guilty, and Porter and Johnson guilty. On November 27, 1973, Porter was sentenced to pay a $200.00 fine plus costs, or in default thereof, to serve thirty days in parish jail, together with an additional ninety days suspended sentence and probation for eighteen months. A motion for new trial filed in Porter's behalf was denied by the trial judge. Porter's counsel reserved, and later perfected, a bill of exceptions to the trial court's denial of this motion and applied to this Court for writ of certiorari under its general supervisory jurisdiction.
We granted review to consider defendant's contention that the trial court erred when it rendered a verdict of guilty of possession of marijuana and denying the motion for new trial despite an alleged absence of any evidence proving guilty knowledge. A brief statement of the evidence adduced at trial is necessary to resolve this issue.
According to the testimony of three of the arresting officers, at approximately 2:15 on the morning of July 29, 1973, they were patrolling in the vicinity of Clark's Park where they observed a parked vehicle with its interior light shining and two persons, one of whom was Porter, standing outside the car near the driver's door. The officers, stopping to investigate, noticed Porter walk over to the parked vehicle and say something to several other persons who were seated therein. The officers ordered everyone to get out of the vehicle and at this time one of the officers, searching the ground around the automobile, discovered a paper bag about ten feet from the driver's door containing four plastic bags of marijuana (lids) and a separate open plastic bag of marijuana lying on the ground near where Porter had been standing. A partially burnt marijuana cigarette (joint) was found on the ground next to the driver's door which was opened at the time. The officer then noticed a small marijuana cigarette butt (roach) located on the floor in the area between the driver's seat and the door panel. Thereafter, he discovered a toilet tissue or Kleenex containing a small quantity of marijuana on the dashboard of the car. Although no marijuana was found on Porter's person, a *304 marijuana cigarette was found in Wilbert Johnson's pocket.
Porter testified that he owned the vehicle and had himself driven it into the park. He parked the vehicle and got out. One of the female passengers in the vehicle got out and joined him at a nearby picnic table. About two or three minutes after having parked, the patrolling officers arrived. Porter testified that he did not have or smoke any marijuana, that the drug was brought into his car without his knowledge by Wilbert Johnson and that he was not aware of its presence until it had been discovered by the investigating officers. Other defense witnesses testified generally to the same effect.
R.S. 40:966, subd. C prohibits possession of marijuana as follows, in part:
"It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I[1] * * *"
Louisiana jurisprudence has firmly established that guilty knowledge is an essential ingredient of the crime of possession of a narcotic drug. State v. Smith, 257 La. 896, 244 So.2d 824 (1971); State v. Smith 257 La. 1109, 245 So.2d 327 (1971); State v. Kreller, 255 La. 982, 233 So.2d 906 (1970); State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970); State v. Williams, 250 La. 64, 193 So.2d 787 (1967); State v. Oliver, 247 La. 729, 174 So.2d 509 (1965).
Furthermore, one need not actually possess the controlled dangerous substance to violate the prohibition against possession thereof; constructive possession is sufficient. In State v. Smith, 257 La. 1109, 245 So.2d 327 (1971), we said:
"A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it."
In addition to proving that the accused possessed, either actually or constructively, the substance identified as a narcotic drug, the State must also prove by direct or circumstantial evidence that the accused knew the substance he possessed was a narcotic drug.
Also, pertinent to our consideration is the well-established rule that only in those cases where there is no evidence at all of an essential element of the crime charged that this Court may set aside the conviction on appeal. When there is some evidence to sustain the conviction, this Court cannot pass on the sufficiency thereof. State v. Ranker, 263 La. 914, 269 So. 2d 812 (1972); State v. Brewer, 263 La. 113, 267 So.2d 541 (1972); State v. Robinson, 263 La. 25, 267 So.2d 182 (1972); State v. Burke, 254 La. 351, 223 So.2d 829 (1969); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968); State v. Copling, 242 La. 199, 135 So.2d 271 (1961); State v. DiVincenti, 225 La. 689, 73 So.2d 806 (1954).
Applying these guidelines to the facts of the present case, we conclude that the record contains some evidence that Porter knowingly or intentionally constructively possessed the marijuana in question. The drug, although not found on his person, was discovered in areas under his direct control and dominion. We must bear in mind that Porter was the owner and driver of the vehicle. By his own testimony, he parked his car in Clark's Park only two or three minutes before the police officers arrived. In that short length of time, a paper bag containing four "lids" of marijuana and an open plastic bag of marijuana were thrown to the ground in the area where Porter had been standing. Furthermore, *305 a "joint" was found next to the driver's door and a "roach" was discovered in the area between the driver's seat and the door panel. Also, a toilet tissue or Kleenex containing the drug was found on the dashboard of the car. We consider these facts constitute not merely some evidence, but ample evidence to establish guilty knowledge on the part of Porter. Hence, since there is some evidence that Porter knowingly or intentionally possessed the marijuana, the verdict will not be disturbed.
For the reasons assigned, Porter's conviction and sentence are affirmed.
DIXON and CALOGERO, JJ., dissent.
NOTES
[1] Marijuana is classified as a controlled dangerous substance in Schedule I. R.S. 40:964.