354 So.2d 1322 (1978)
STATE of Louisiana
v.
Bruce EDWARDS.
No. 60400.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1323 *1324 Edward A. Haggerty, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patrick Fanning, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Bruce Edwards with possession of heroin with the intent to distribute, a violation of LSA-R.S. 40:966. After a trial, the jury found him guilty as charged. The trial judge sentenced him to life imprisonment. Defendant appeals his conviction and sentence, relying upon five assignments of error.
The facts surrounding defendant's arrest and conviction are that:
Police officers executed a search warrant for defendant's residence. Upon entering, the officers asked defendant if he had any contraband or valuables to declare before they conducted a thorough search of the house pursuant to the warrant. At that time, defendant voluntarily surrendered a bag of marijuana and certain narcotics paraphernalia. Later during the search of the house, Officer Jenkins found two tin foil packets of heroin under a fur rug in defendant's bedroom. Other officers, accompanied by the defendant, searched unsuccessfully underneath the house for heroin believed to be hidden there. Afterwards, Officer Nelson, observing a bulge in defendant's shirt pocket, reached in and removed a piece of cloth containing a bag of heroin.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendant complains that the trial court erred in denying his motion to suppress. In support of his motion, defendant argues that: the search warrant was for a place, not a person; the heroin found in his shirt was planted on him, as he did not knowingly possess the contraband; the search was invalid because it was overly long, excessive, and general; and that the police improperly arrested him for any contraband found in the residence because he was not the owner of the residence.
Defendant denies that any heroin was recovered in his presence or that anything was taken from his shirt pocket. He, nonetheless, has standing to attack the legality of the alleged seizure of heroin under Article 1, § 5 of the Louisiana Constitution (1974).
The details of the search and seizure are as follows:
Pursuant to a search warrant for defendant's father's residence, where defendant lived, police officers entered the residence and informed the occupants of their intention to search. The officers advised defendant of his Miranda rights and asked if he had any valuables or contraband to declare before they conducted the search. Defendant responded by voluntarily giving the police a bag of marijuana and narcotics paraphernalia, customarily used in the preparation of heroin for sale.
The police officers testified that defendant informed them that the heroin was hidden under the house. However, defendant alleges that the police told him that they had information that the heroin was hidden there and that he was ordered outside the house. The officers testified that defendant then asked if he could get a pair of shoes and a shirt before going into the cold night air. The officers stated that defendant went into his room and put on a shirt. Defendant contends conversely that he was taken outside and that he was barechested during the outside search under the residence.
The testimony is uncontroverted that defendant and several police officers crawled underneath the house and with the aid of flashlights searched unsuccessfully for at least thirty minutes.
*1325 Later, Officer Nelson noticed a bulge in defendant's shirt pocket and reached in and removed a brownish shoe cloth in which a plastic bag of heroin was wrapped. Defendant counters that he was not in intentional ownership of the heroin found in his shirt pocket. He argues that the contraband was planted on him by the police. He testified that the shirt containing the heroin was given to him by one of the officers after the outside search was completed and prior to his being taken to the police station.
The credibility of the officer's testimony regarding the discovery of the evidence in defendant's shirt pocket goes to the weight of the evidence, rather than to its admissibility. Consequently, the trial court properly admitted the evidence, noting it to be a question for the jury's consideration. State v. Hunter, La., 343 So.2d 143 (1977); State v. Drake, La., 319 So.2d 427 (1975); State v. Freeman, La., 306 So.2d 703 (1975); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Defendant also contends that the search was excessive. Defendant submits that a search by approximately twelve law enforcement officers for a period of about one and one half hours is unreasonable. In support, defendant cites Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Further, defendant complains that the officers threatened him, pulled his sister's hair, and beat him repeatedly.
The officers denied that either defendant or his family was subjected to physical abuse. Their testimony was apparently accepted by the trial judge, and we discern no basis for disturbing that finding.
We do not find either the number of officers present (approximately twelve) or the length of time (one and one half hours) required for the execution of the search warrant unreasonable.
Defendant also contends that because the search warrant did not specifically authorize the police to search his person, the heroin taken from his pocket was improperly seized and thus inadmissible. However, the State counters that the evidence was seized incident to a valid arrest.
Louisiana Code of Criminal Procedure Article 201 defines arrest:
"Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
We considered Article 201 in State v. Marks, La., 337 So.2d 1177, 1182 (1976). Therein we stated:
"It is the circumstances indicating an intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer's statement: `You are under arrest,' that are determinative of when an arrest is actually made. State v. Warren, 283 So.2d 740 (La.1973). This principle was recognized in Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) wherein the Court noted that regardless of when Peters was `arrested' it was clear that an arrest, for purposes of constitutional justification, had taken place before the search commenced, when the subject was grabbed by the collar and his freedom of movement curtailed on the basis of probable cause to believe that he was engaged in criminal activity. . . ."
A search incident to a lawful arrest is a well-established exception to the warrantless search prohibition. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Robinson, La., 342 So.2d 183 (1977); State v. Marks, supra.
In United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), the United States Supreme Court approved a search as being incident to an arrest even when conducted ten hours after the actual arrest, based upon the arrestee's initial susceptibility to a search coupled with his custodial status during the intervening period. Therein, the Court noted the following language with approval:
*1326 "`While the legal arrest of a person should not destroy the privacy of his premises, it doesfor at least a reasonable time and to a reasonable extenttake his own privacy out of the realm of protection from police interest in weapons, means of escape, and evidence.'"
In the instant case, upon entry, the officers advised defendant of his Miranda rights and asked if he had any personal items, valuables, or contraband that he wished to surrender before they thoroughly searched the house. In response, defendant voluntarily tendered a bag of marijuana and narcotics paraphernalia. The officers testified that they would not have allowed defendant to leave had he attempted to depart the scene.
As defendant surrendered marijuana to the officers, possession of which is a violation of LSA-R.S. 40:966 as a controlled dangerous substance, the officers were entitled to arrest defendant at that time. Thereafter, the evidence discloses that defendant's freedom of movement was curtailed. The fact that the officers did not voice the words, "you are under arrest" does not render the detention any less a legal arrest. Thus, we conclude that defendant was under arrest and that Officer Jenkins' seizure of the heroin from defendant's shirt pocket was incident to a lawful arrest.
Moreover, other heroin was properly introduced into evidence. See Assignment of Error No. 4 relating to State's Exhibit No. 10. Therefore, regardless of the heroin taken from defendant's shirt, the State offered other evidence that defendant was in possession of heroin. The admission of the two tin foil packets of heroin, State's Exhibit No. 10, when combined with the sophisticated narcotics paraphernalia used in the sale of heroin, provide evidence of defendant's possession of heroin with the intent to distribute.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant complains that the trial court judge erred in denying his motion for a mistrial based on an alleged failure of the officers to clearly inform defendant of his Miranda rights at the time of his detention.
Initially, we note that the officers did clearly inform defendant of his Miranda rights. Therefore, the assignment has no factual basis.
Moreover, LSA-C.Cr.P. Arts. 770 and 771 provide for the grounds for mandatory and permissive mistrials. The objection raised herein is not included as one of the specifically enumerated grounds. Defendant was in no way precluded from receiving a fair trial. The trial court, therefore, properly denied defendant's motion.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these two assignments of error, defendant complains of the trial court's admission into evidence of State's Exhibits Nos. 2, 3, 4, 5, 8, 10, 11, 12, and 13. The exhibits are respectively:
(2) A piece of cloth containing a sealed plastic envelope of heroin;
(3) One flour sifter;
(4) One metal strainer;
(5) One amber colored bottle marked "Lactoce Hydrous, U.S.P.";
(8) One syringe with needle intact;
(10) Two pieces of aluminum foil each containing heroin;
(11) One strainer;
(12) Two white Methaqualone tablets; and
(13) Numerous measuring spoons.
In Assignment of Error No. 3, defendant complains that the trial court erred in admitting into evidence the plastic bag of heroin and the shoeshine rag in which it was wrapped. He alleges that he did not knowingly possess the heroin. We have previously disposed of this contention. See Assignment of Error No. 1.
*1327 Defendant bases his objection to the remaining items admitted into evidence on the lack of connexity between himself and the evidence. Defendant argues that he was not in physical or constructive possession of the items seized.
We have repeatedly held that guilty knowledge is an essential element of the crime of possession. State v. Knight, La., 298 So.2d 726 (1974); State v. Porter, La., 296 So.2d 302 (1974); State v. Smith, 257 La. 896, 244 So.2d 824 (1971). Guilty knowledge and intent, though questions of fact, need not be proven as a fact, it may be inferred from the circumstances of the transaction. LSA-R.S. 15:445. LSA-R.S. 15:446 provides that "When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent . . . ."
One need not physically possess the controlled dangerous substance to violate the prohibition against possession; constructive possession is sufficient. It is well settled that a person may be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether or not it is in his physical possession. State v. Roach, La., 322 So.2d 222 (1975); State v. Alford, La., 323 So.2d 788 (1975).
In the instant case, the officers asked defendant if he had any contraband to declare. In response, defendant removed a metal box containing strainers, measuring spoons, and marijuana from his bedroom dresser and gave it to the police. During the search of the premises, Officer Bethey found the lactose and other paraphernalia for cutting heroin in defendant's bedroom closet. Additionally, Officer Jenkins found two tin foil packets of heroin under a fur rug in defendant's bedroom.
Accordingly, the trial court judge properly admitted the evidence. The ultimate determination of connexity of the items was a factual question for the jury.
Assignments of Error Nos. 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
In Assignment of Error No. 5, defendant complains of the trial court's refusal to grant his motion for a new trial.
Therein, defendant argues that the verdict is contrary to the law and the evidence. We have consistently held that a denial of a motion for a new trial based on the ground that the verdict is contrary to the law and the evidence presents nothing for this Court's review. State v. Jack, La., 332 So.2d 464 (1976); State v. Woods, La., 327 So.2d 405 (1976); State v. Hines, La., 319 So.2d 313 (1975). The defendant makes no argument that there was a complete absence of evidence.
In his motion, defendant also reurges the grounds upon which he based his previous assignments of error. Having previously disposed of his allegations of error as having no merit, we likewise find the trial court's denial of defendant's motion for a new trial entirely proper.
Assignment of Error No. 5 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.