434 So.2d 1291 (1983)
STATE of Louisiana
v.
Leslie NORMAN.
No. K83-129.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*1292 R. Stuart Wright, Brittain, Williams & Wright, Natchitoches, for defendant-relator.
Ronald C. Martin, Dist. Atty., and Eric R. Harrington, Asst. Dist. Atty., Natchitoches, for plaintiff-respondent.
Before FORET, CUTRER and LABORDE, JJ.
FORET, Judge.
Leslie Norman (defendant) was charged by bill of information with possession of marijuana (first offense)[1]. Defendant entered a plea of not guilty to the charge. Subsequently, he was tried without a jury (see LSA-C.Cr.P. Art. 779) and found guilty. After completion of a pre-sentence investigation, the trial court sentenced defendant to pay a fine of $500 plus court costs. In default thereof, defendant was to serve a term of sixty days in the parish jail[2]. We granted defendant's application for supervisory writs.
ASSIGNMENTS OF ERROR
(1) Whether the circumstantial evidence adduced by the State excludes every reasonable hypothesis of defendant's innocence and, if so,
(2) Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

FACTS
Leonard Jones, a Natchitoches Parish Sheriff's deputy, received information from *1293 a confidential informant that defendant and one Johnny Pollard were involved in the distribution of controlled dangerous substances. Based upon this information, Deputy Jones obtained a search warrant for Pollard's apartment. Subsequently, the warrant was acted upon by Deputy Jones and various other law enforcement officers.
During the course of the search of Pollard's apartment, the officers discovered a small locked box which was broken open with a screw driver. Three cigarettes, later determined to contain marijuana, and an unsigned receipt with defendant's name on it were found therein.
Defendant was not present in the apartment at the time of the search, but was contacted by Pollard shortly thereafter (by telephone) and requested to come there. Upon arriving at the apartment, defendant was placed under arrest for possession of marijuana.
SUFFICIENCY OF THE EVIDENCE
LSA-R.S. 40:966(C) provides, in pertinent part, that:
"C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this part."
Possession of a controlled dangerous substance is an essential element of the conduct proscribed by LSA-R.S. 40:966(C). State v. Cann, 319 So.2d 396 (La.1975). The prosecution is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979); State v. Edwards, 354 So.2d 1322 (La.1978); State v. Roach, 322 So.2d 222 (La.1975). However, the mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of contraband, is insufficient to constitute constructive possession. State v. Walker, supra; State v. Cann, supra; State v. Alford, 323 So.2d 788 (La.1975).
The State's case against defendant is based entirely upon circumstantial evidence. The characterization of evidence as "direct" or "circumstantial" points to the kind of inference which is sought to be drawn from the evidence to the truth of the proposition for which it is offered. If the inference sought is merely that certain facts are true because a witness reported his observation and the assumption is that witnesses are worthy of belief, the evidence is direct. When, however, the evidence is offered also for some further proposition based upon some inference other than merely the inference from assertion to the truth of the fact asserted, then the evidence is circumstantial evidence of this further fact-to-be-inferred. State v. Graham, 422 So.2d 123 (La.1982).
In the present case, although direct evidence was introduced to prove that marijuana was found in a box that also contained an unsigned receipt with defendant's name on it, it qualifies only as circumstantial evidence of the crucial fact-to-be-inferred, i.e., that defendant had constructive possession of the marijuana.
LSA-R.S. 15:438 provides:
"§ 438. Circumstantial evidence
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
State v. Austin, 399 So.2d 158 (La.1981), attempted to set forth a single standard of review to be exercised in cases such as this, when a claim is made that the circumstantial evidence presented is insufficient to sustain a conviction[3]. However, this approach *1294 was rejected in State v. Graham, supra.
Graham conducted a two-fold analysis of the evidence presented in that case. First, a determination was made as to whether the State had carried its statutory burden of proof as set forth in LSA-R.S. 15:438. Then, it was determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State had proved the essential elements of the crime beyond a reasonable doubt. See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)[4]. Graham noted that in many instances separate and dual application of the rules will yield the same result. However, at page 129, Graham identified the following two problems that could result from a merger of the two rules:
"A combination of the rules may incorrectly imply that, when all of the evidence of the defendant's guilt is circumstantial, due process requires more than evidence which would satisfy any rational juror of proof of guilt beyond a reasonable doubt. On the other hand, an in-tandem articulation may seem improperly to diminish the requirement of the circumstantial evidence rule by implying that, in a close case, this court will defer to the jury's finding rather than follow its own determination of whether there is a reasonable hypothesis of innocence."
The jurisprudence concerning the review of convictions obtained on the basis of circumstantial evidence was further clarified in State v. Williams, 423 So.2d 1048 (La. 1982). Citing Jackson v. Virginia, supra, and Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), Williams noted that federal due process standards do not require that circumstantial evidence exclude every hypothesis other than guilt. Williams then went on to state, at page 1052, that:
"Circumstantial evidence in Louisiana criminal convictions is held to a higher standard. R.S. 15:438 provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."

The Louisiana legislature has, through this statute, provided greater protection against erroneous convictions based on circumstantial evidence than is provided by the Fourteenth Amendment. There is a possibility that the quality of evidence supporting a conviction would satisfy Jackson v. Virginia, supra, but would not satisfy the requirement of R.S. 15:438." (Emphasis ours.)
Thus, the circumstantial evidence presented by the State in the case sub judice must be analyzed to determine whether it excludes every reasonable hypothesis of innocence. Defendant, in his application for supervisory writs, argues that the State failed to introduce any evidence whatsoever to show that he had dominion and control over the marijuana in question.
In response to a question concerning how he initially became involved with defendant, Deputy Jones related to the court the information he had received from the confidential informant. Defendant objected to the introduction of this evidence on the grounds that it was hearsay. The trial court correctly noted that this evidence could not be used against defendant, but stated that it could be used for the limited purpose of showing why an investigation of defendant had been instituted by the police[5]. *1295 Deputy Jones then began to testify as to the search itself and stated that, while it was being conducted, he was called into a room that had been identified to him earlier as being defendant's room (it was in this room that the box containing the marijuana was found). Again, defendant objected to the introduction of this evidence on the grounds that it was hearsay, and the trial court correctly sustained the objection[6]. Deputy Jones then admitted that he had no personal knowledge that the room was defendant's.
Under cross-examination, Deputy Jones testified that, prior to executing the search warrant and arresting defendant, he had, "... made several trips and, in some sense, made surveillance of the apartment". While watching it, he never observed defendant either entering or leaving the apartment. He admitted that he had no personal knowledge as to: (1) whether the box belonged to defendant; (2) whether defendant was staying in Pollard's apartment; or (3) the identity of the person who had placed the marijuana in the box.
Under re-direct examination, Deputy Jones testified that he saw letters with defendant's name on them in the room where the marijuana was seized, and clothing that had been identified (again, by some unknown third party) to him as belonging to defendant. None of these letters or articles of clothing were introduced in evidence by the State[7], although the unsigned receipt bearing defendant's name was.
Deputy Danny Rachal, of the Natchitoches Parish Sheriff's Department, was next called to testify. He assisted in the execution of the search warrant. His testimony was substantially the same as Deputy Jones' regarding the manner in which the search was conducted, and the items that were found as a result thereof. Deputy Rachal testified that the police had received information that defendant and Pollard worked together.
Finally, Officer Jimmy Rond, of the Natchitoches City Police Department, testified that he too was involved in the execution of the search warrant. He stated that there were only two pieces of paper with defendant's name on them (in addition to the receipt found in the box) in the room alleged to have been occupied by defendant. Like the other officers, he testified that no effort was made to ascertain whether any keys belonging to defendant or Pollard would fit the lock on the box. He stated that the officers had received information that defendant either worked for or with Pollard, and that Pollard had been apprehended at some type of automotive repair shop. He agreed with defendant's counsel that the pieces of paper found in the room could have been receipts for auto parts.
In addition to the above summarized testimony and the receipt bearing defendant's name, the only other evidence introduced by the State was the three marijuana cigarettes, a letter notifying defendant's counsel that the State would introduce in evidence the certificate of analysis from the crime lab, and the certificate itself. Thus, the only evidence presented by the State to *1296 prove that defendant had constructive possession of the marijuana was the unsigned receipt bearing his name that was found in the box with the contraband.
It is our opinion that the circumstantial evidence adduced by the State fails to exclude a number of reasonable hypotheses of defendant's innocence. Certainly, the circumstantial evidence that was presented does not tend to prove that defendant had constructive possession of the marijuana. The State, therefore, has failed to prove beyond a reasonable doubt that the defendant committed the crime with which he was charged.
Where there is insufficient evidence of the crime charged, the double jeopardy clause of the Fifth Amendment to the U.S. Constitution precludes a second trial. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Hoffer, 420 So.2d 1090 (La.1982); State v. Williams, supra. A judgment discharging the defendant is therefore required.
For the reasons assigned, the defendant's conviction and sentence are reversed, and the defendant is ordered discharged.
NOTES
[1] See LSA-R.S. 40:966(C), infra.
[2] LSA-R.S. 40:966(D)(1) provides:

"D. Possession of marijuana. (1) Except as provided in Subsections E and F hereof, on a first conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both."
[3] At page 160, Austin set forth the following standard of review:

"Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded."
[4] Jackson set forth a standard of review to be used by the Federal Courts in habeas corpus proceedings, when a state prisoner claims that his conviction was based on insufficient evidence in violation of his due process guarantees under the Fourteenth Amendment to the U.S. Constitution. Citing In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), Jackson held that, "... in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254if the settled procedural prerequisites for such a claim have otherwise been satisfiedthe applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt". See 443 U.S., at 324, 99 S.Ct., at 2791.
[5] We agree with the trial court's ruling that this evidence could not be used in determining defendant's guilt or innocence. Further, we fail to see the relevance of this testimony with respect to the issues before the trial court.
[6] There is a more fundamental reason for excluding evidence such as this. The Sixth Amendment to the U.S. Constitution provides, in pertinent part, that:

"In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..."
This amendment has been made applicable to the states by the Fourteenth Amendment to the U.S. Constitution. It would certainly be a violation of this provision of the Sixth Amendment to allow the State to introduce evidence from an unidentified third party, which links the defendant to the crime with which he is charged.
[7] It would appear that the failure of the State to produce these items constitutes a violation of the best evidence rule. See LSA-R.S. 15:436. However, there is no need for us to make any determination concerning such a violation as defendant raised no objection to the testimony concerning the letters or articles of clothing.