527 So.2d 62 (1988)
STATE of Louisiana, Appellee,
v.
Ameal LOVE, Jr., Appellant.
No. CR87-1120.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*63 Hon. Wm. Polk and Glenn Cortello, Alexandria, for defendant-appellant.
C. Wagner, M. Shannon, Dist. Atty's. Office, Alexandria, for plaintiff-appellee.
Before FORET, LABORDE and REGGIE[*], JJ.
FORET, Judge.
Ameal Love, Jr. was charged by bill of information with possession of Pentazocine, a violation of La. R.S. 40:967(C). Defendant waived his right to trial by jury and was found guilty as charged at bench trial and sentenced to serve two years at hard labor.
On appeal, defendant urges three assignments of error:
1. The trial court erred in finding defendant guilty as the evidence was insufficient to find guilt beyond a reasonable doubt of the crime charged herein.
2. The trial court erred in denying defendant's motion for a directed verdict of acquittal after the State rested its case.
3. The trial court erred in applying the rule regarding circumstantial evidence set forth in La. R.S. 15:438.

FACTS
In the late hours of March 10, 1987, two Alexandria Police Department officers, while patrolling a residential area of Rapides Parish, observed a vehicle parked parallel to the side of the roadway in front of a vacant lot. One individual was in the driver's seat, while a second, later identified as defendant, was standing near the rear fender of the passenger side of the vehicle with the passenger door open. The officers observed defendant urinating on the side of the roadway as they passed the vehicle and backed up to investigate. As the officers walked toward defendant, defendant was zipping his pants. While *64 questioning defendant, the officers noticed a dark leather pouch on the grass approximately three feet from defendant. No other individuals were observed in the immediate area where the pouch was recovered. Although it was a cold night with the grass covered by dew, the pouch was warm to the touch and dry. When questioned about the pouch, defendant stated that he did not know what it was and had never seen it. The officers opened the pouch and observed several small objects wrapped in foil. A police narcotics agent was called to the scene, opened the foil packets and tentatively identified the contents as "T's and Blues." At trial, an expert in narcotics analysis testified that the contents contained Pentazocine, a controlled dangerous substance.
At the close of the State's case, defense counsel moved for a directed verdict of acquittal. He argued that the pouch could have reasonably come from the other person, or was thrown out of the vehicle or from a passing vehicle. Counsel stressed that there had been no showing by the State that the Pentazocine was in the possession, actual or constructive, of the defendant.
The trial judge, in denying the motion for a directed verdict of acquittal, acknowledged that the case was based upon circumstantial evidence and found that the pouch was, at a minimum, in the constructive possession of the defendant.

SUFFICIENCY OF THE EVIDENCE
The essence of defendant's assignments of error is that the State's evidence was insufficient to support his conviction. We agree and reverse defendant's conviction and sentence.
In State v. Lilly, 468 So.2d 1154 (La. 1985), our Supreme Court said:
"The Due Process Clause of the Fourteenth Amendment requires this court to review the evidence upon which a criminal conviction is based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand, unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Additionally, we are governed by our statutory rule as to circumstantial evidence: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. R.S. 15:438."
The essential elements of the crime of possession of controlled substances are that (1) the defendant had dominion and control over the illegal substance and (2) the defendant knowingly possessed it. State v. Trahan, 425 So.2d 1222 (La.1983).
The prosecution is not required to prove actual possession, but need only show that the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979); State v. Norman, 434 So.2d 1291 (La.App. 3 Cir. 1983).
Several factors may be considered in determining whether a defendant exercised "dominion and control" over narcotics sufficient to constitute constructive possession. These are as follows:
"`... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users.' State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir. 1984), citing Bujol v. Cain, 713 F.2d 112 (U.S.C.A. 5th Cir.1984)."
State v. Walker, 514 So.2d 602 (La.App. 4 Cir.1987), at 605.
Defendant denied having any knowledge of the illegal drugs found; no one was found to be in actual possession of the illegal drugs; there was no evidence of recent drug use by the defendant, and no evidence that this particular area was frequented *65 by drug users. The only factors linking defendant to the illegal drugs were his access and physical proximity to the drugs.
However, the mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of contraband, is insufficient to constitute constructive possession. State v. Norman, supra; State v. Walker, supra.
The State's case against defendant is based entirely upon circumstantial evidence. Thus, the circumstantial evidence must be analyzed to determine whether it excludes every reasonable hypothesis of innocence.
The State presented evidence that defendant was observed outside of an automobile on a cold, damp night within three feet of an abandoned leather pouch which contained narcotics. Although in a residential area, no other individual was seen in the immediate vicinity of the pouch. Despite the climatic conditions, the pouch was warm to the touch and dry although it was found on grass covered by dew. Danny Rosenthal was observed inside the automobile. The evidence does not show that the automobile was searched; that Rosenthal was questioned[1]; or that fingerprints were taken from the pouch, either excluding Rosenthal as a suspect or linking the defendant with the pouch. The defendant testified that, prior to the police investigation, Rosenthal had been outside the automobile on the passenger side of the vehicle, in the vicinity where the pouch was found. The State's witness testified that defendant had not been under surveillance and, therefore, this witness could not dispute the possibility that Rosenthal or someone other than the defendant had been in the area where the pouch was found before the arrival of the police.
State v. Porter, 296 So.2d 302 (La.1974), involves similar factual circumstances. Porter's conviction for possession of marijuana was affirmed on appeal. In Porter, the trial court found that Porter knowingly or intentionally constructively possessed marijuana.
This case may be distinguished from Porter, supra, both factually and legally. Porter was the owner and driver of the vehicle and, although no marijuana was found on Porter's person, it was found in the vehicle, near the vehicle, and in the area where Porter was standing. Additionally, the evidence in Porter revealed that the vehicle had been parked in the area where the marijuana was found only approximately two or three minutes before the police arrived.
In the instant case, the defendant was neither the driver nor the owner of the vehicle. The vehicle was not searched; therefore, there were no illegal drugs found inside the vehicle or near the vehicle, other than the pouch which the police found.
Also of major significance is the fact that Porter was decided by the Louisiana Supreme Court at a time when an appellate court could not pass on the sufficiency of evidence unless there was no evidence at all of an essential element of the crime charged. Porter, supra, at page 304. By contrast, since the United States Supreme Court's decision in Jackson v. Virginia, supra, a defendant has a constitutional right to appellate review of the sufficiency of the evidence. In determining whether there is sufficient evidence to convict, the circumstantial evidence must exclude every reasonable hypothesis of innocence and must be sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that the defendant is guilty.
On the facts before us, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not have found, beyond a reasonable doubt, that the defendant had dominion and control over the illegal substance and that he knowingly possessed it. It is our opinion that the circumstantial evidence adduced by the State fails to exclude a number of reasonable hypotheses of defendant's innocence. We conclude that the State did not *66 exclude the reasonable hypothesis that Rosenthal or someone else other than the defendant had dropped or thrown the pouch containing the illegal drug. Certainly, the circumstantial evidence that was presented does not tend to prove that defendant had constructive possession of the Pentazocine. Therefore, the State has failed to prove, beyond a reasonable doubt, that defendant committed the crime with which he was charged.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed.
REVERSED AND RENDERED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Danny Rosenthal died between the time of defendant's arrest and the trial.