554 So.2d 254 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph Lewis KING, Jr., Defendant-Appellant.
No. CR 89-406.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
*255 Robert F. DeJean, Jr., Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., Opelousas, for plaintiff-appellee.
Before GUIDRY and KNOLL, JJ., and ROBERTS[*], J. Pro Tem.
KNOLL, Judge.
On September 22, 1988, defendant, Joseph Lewis King, Jr., was found guilty by a six person jury of possession of cocaine in violation of LSA-R.S. 40:967(C) and was sentenced to three years at hard labor.
Defendant appeals alleging six assignments of error: (1) the verdict of guilty was contrary to the law and evidence; (2) the jury did not consider other equally possible conclusions in its guilty verdict; (3) the trial court erred in allowing the introduction of several State exhibits which were not relevant to the criminal charge against the defendant; (4) the trial court erred in allowing testimony of State witnesses which were not relevant to the criminal charge against the defendant; (5) the trial court erred in not granting the defendant's motion for new trial; and, (6) the trial court erred in not allowing argument or evidence in the defendant's second motion for new trial. Finding insufficient evidence to support defendant's conviction, we reverse the conviction, vacate and set aside the sentence, and order the defendant discharged. The remaining assignments of error need not be addressed.

FACTS
On February 25, 1988, Roy Mallet, a narcotics officer for the St. Landry Parish Sheriff's Department, obtained a search warrant for an apartment located at the corner of Market and Westwego streets in Opelousas. At approximately 5:00 p.m. Mallet and officers from the Opelousas Police Department executed the search warrant.
As they approached the apartment, Roderick "Frog" Smith, was apprehended in the front yard and searched by Officer Mallet. Two small bags of cocaine were found in "Frog's" pocket. "Frog" was handcuffed and brought into the apartment and seated on the sofa. "Frog's" sister, Cassandra Smith, Joseph Kevin Richard and defendant were in the apartment when the police executed the search warrant. Defendant, who lives in Orange, Texas, was visiting Cassandra on the day of the search by police. The apartment belonged to Cassandra.
As Officer Don Leger entered the apartment, the defendant was near the kitchen counter. According to Officer Leger, defendant immediately began walking toward the rear of the house and grabbed two small bags filled with white powder and placed it in his mouth. To prevent defendant from swallowing the suspected cocaine, Officer Leger pushed defendant against the wall and they fell to the ground struggling. Then Officer Ronnie Valenta grabbed defendant by the neck to prevent him from swallowing the suspected cocaine. Three more officers assisted in subduing and handcuffing defendant. No cocaine was recovered from defendant. The officers and the Sheriff repeatedly warned defendant about the life-threatening consequences of swallowing cocaine but defendant did not request any medical attention.
A search of the apartment revealed a gram scale, some empty jewelry bags, two small bags of cocaine found between the sofa cushions and a straw with white residue in it.

*256 SUFFICIENCY OF EVIDENCE
Defendant contends that the conviction was contrary to the law and based on insufficient evidence. We agree.
LSA-R.S. 40:967(C) provides:
"C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part."
To convict for possession of cocaine, the State must prove beyond a reasonable doubt that the defendant either actually possessed the illegal substance or constructively possessed it. State v. Love, 527 So.2d 62 (La.App. 3rd Cir.1988). Constructive possession involves either ownership or circumstances which indicate that the illegal substance is subject to the defendant's dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Ashlock, 526 So.2d 511 (La.App. 3rd Cir. 1988). To determine whether the defendant is exercising dominion and control over the illegal substance, the trier of fact considers:
"... defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by drug users."
State v. Tasker, 448 So.2d 1311, 1314 (La. App. 1st Cir.1984), writ denied, 450 So.2d 644 (La.1984), citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983).
The mere presence of the defendant in the area where the drugs are found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Jones, 544 So.2d 636 (La.App. 3rd Cir.1989). Guilty knowledge is an essential element. Trahan, supra. Whether there is possession sufficient to convict depends on the particular facts of each case. State v. Cann, 319 So.2d 396 (La.1975).
The standard of appellate review for sufficiency of evidence is whether, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
In the case sub judice, the police recovered two small bags of cocaine between the sofa cushions and two small bags of cocaine on Roderick "Frog" Smith. No cocaine was found on the defendant.
We have carefully examined the record and fail to find any evidence that would support a possession conviction against defendant. The record is not clear as to which cocaine defendant allegedly possessed, what he swallowed or the cocaine between two sofa cushions, or both. We will assume the State meant what defendant swallowed and the cocaine between the sofa cushions.
The defendant did not take the stand in this case, but he did dispute that he swallowed cocaine by presenting the testimonies of Joseph Kevin Richard and "Frog" Smith, who were present during defendant's apprehension. They both testified that defendant did not put anything in his mouth. For the sake of argument, we will assume that defendant was seen putting two small bags containing a white powdery substance in his mouth and swallowed them. Nothing was recovered from defendant. The defendant repeatedly refused medical attention in spite of being informed of life-threatening consequences, even death, from ingesting cocaine. The State failed to perform any scientific testing, e.g., blood test, urine test, x-rays, etc. to corroborate the State's assumption that defendant swallowed cocaine. Under these circumstances, viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could not have concluded beyond a reasonable doubt that the defendant swallowed cocaine.
*257 As to the cocaine found between the sofa cushions, the record is void of any evidence as to who possessed the cocaine. The only thing that was clearly proven was that there was cocaine found on "Frog", who pleaded guilty to an offense (the record fails to show what offense he pleaded to) as a result of being arrested at the apartment, and there was cocaine found between the sofa cushions, as well as a scale and a straw with white residue in it. "Frog" testified that the scale was his; he did not claim the straw. There is no evidence of defendant exercising dominion and control of the cocaine. The State simply shows that there was cocaine in the sofa. Defendant was not seated on the sofa at any time. When Officer Leger entered the apartment, Joseph Kevin Richard was already seated on the sofa. When "Frog" was brought inside, he and Cassandra were also seated on the sofa. Viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could not have concluded beyond a reasonable doubt that the defendant constructively possessed the cocaine seized from the sofa. See Young v. Guste, 849 F.2d 970 (5th Cir.1988) (evidence was insufficient to support defendant's conviction of possession of narcotics where she was not a permanent occupant of the premises but had access to the general area where the illegal drugs were found).
Where there is insufficient evidence of the crime charged and convicted, the defendant must be discharged thereby precluding a second trial. U.S. Const. amend. V; La.Const. art. 1, Section 15; State v. Hoffer, 420 So.2d 1090 (La.1982).
For the reasons assigned, it is ordered, adjudged and decreed that the defendant's conviction is reversed and his sentence is vacated and set aside, and the defendant is hereby ordered discharged.
REVERSED; DEFENDANT DISCHARGED.
NOTES
[*] Judge Charles Wm. Roberts, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.