NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0158

STATE OF LOUISIANA

VERSUS

RODNEY MESSICK

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64755
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney, Eleventh Judicial District**
**Ronald D. Brandon**
**Assistant District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR:**
> **State of Louisiana**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 E. Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Rodney Messick**

PETERS, J.

The State of Louisiana charged the defendant, Rodney Messick, with possession of cocaine, a violation of La.R.S. 40:967(C). After a trial on the merits, a jury found him guilty as charged. The defendant then filed a motion for post verdict judgment of acquittal, which the trial court denied. Thereafter, the trial court sentenced the defendant to serve one year at hard labor. The trial court then suspended the incarceration sentence and placed the defendant on one year supervised probation. In his appeal, the defendant asserts only that the trial court erred in denying his motion for post verdict judgment of acquittal. For the following reasons, we find no merit in the defendant's sole assignment of error and affirm his conviction and sentence in all respects.

## DISCUSSION OF THE RECORD

The evidentiary record establishes that on April 8, 2008, Sabine Parish Deputy Sheriff James Campbell observed a Toyota automobile blocking traffic on a Zwolle, Louisiana street. As he observed the vehicle, he saw the defendant switch places with a passenger in the vehicle and observed a female walking away from the vehicle. The vehicle then pulled away, and Deputy Campbell stopped the new driver based on the highway obstruction violation and based on his suspicion "that a possible drug deal had gone on due to the fact that [he] had several arrests in that area." A computer check of the vehicle's license plate revealed the defendant as the owner.

When Deputy Campbell caused the driver, who was subsequently identified as Lonnie Bradford, to step to the rear of the vehicle, he noticed that the defendant was moving around inside the vehicle "a tremendous amount." Deputy Campbell then approached the passenger side of the vehicle, and the defendant explained his

movements by showing Deputy Campbell a small dog in his lap and by suggesting that he was taking the dog to a veterinarian.

Still not satisfied and becoming even more aware that both men continued to appear "nervous," Deputy Campbell asked the defendant for consent to search the vehicle. The defendant consented to the search, and during that search the deputy recovered a metal smoking device which he believed to be a crack pipe from the center of the dashboard underneath a carpet dash cover and crack cocaine from a small metal container in a compartment on the driver's door. The crack cocaine found in the driver's door compartment forms the basis of this prosecution.

**OPINION**

Deputy Campbell charged both Mr. Bradford and the defendant with possession of cocaine based on his observation that both men had control of the area where the cocaine was found and the fact that the vehicle belonged to the defendant. The defendant argues that the trial court erred in not granting his motion for post verdict judgment of acquittal based on Deputy Campbell's admission on cross examination that mere observation of the closed metal container would not suggest the nature of its content to someone observing the container and Deputy Campbell's acknowledgment that after he stopped the vehicle, Mr. Bradford had adequate time to remove the metal container from his clothing and insert it into the door compartment. That is to say, the defendant argues that the State of Louisiana presented inadequate evidence to establish beyond a reasonable doubt that he possessed cocaine.

In response, the State of Louisiana asserts that the facts that the metal smoking pipe was found in the dashboard, that Deputy Campbell observed the two men

2

switching places immediately before the investigative stop, and that the vehicle belonged to the defendant were sufficient to support a finding of constructive possession.

To support a conviction of possession of cocaine, the State of Louisiana was required to prove beyond a reasonable doubt that the defendant was in possession of cocaine and that he knowingly possessed it. La.R.S. 40:967. Additionally, the analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The question of constructive possession was addressed by the supreme court in *State v. Toups*, 01-1875, pp. 3-4, (La. 10/15/02), 833 So.2d 910, 913:

The law on constructive possession is as follows:

> A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it. . . . Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. . . .

3

*State v. Trahan*, 425 So.2d 1222 (La.1983) (citing *State v. Smith*, 257 La. 1109, 245 So.2d 327, 329 (1971)). However, it is well settled that the mere presence in an area where drugs are located or the mere association with one possessing drugs does not constitute constructive possession. *State v. Harris*, 94-0970 (La.12/8/94), 647 So.2d 337; *State v. Bell*, 566 So.2d 959 (La.1990).

A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. *State v. Hughes*, 587 So.2d 31, 43 (La.App. 2 Cir.1991), *writ denied*, 590 So.2d 1197 (La.1992); see also *Bujol v. Cain*, 713 F.2d 112 (5 Cir.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984) (listing above factors as well as a sixth factor: "evidence that the area was frequented by drug users").

In *State v. Norman,* 434 So.2d 1291, 1293 (La.App. 3 Cir. 1983), this court

explained in pertinent part:

The characterization of evidence as "direct" or "circumstantial" points to the kind of inference which is sought to be drawn from the evidence to the truth of the proposition for which it is offered. If the inference sought is merely that certain facts are true because a witness reported his observation and the assumption is that witnesses are worthy of belief, the evidence is direct. When, however, the evidence is offered also for some further proposition based upon some inference other than merely the inference from assertion to the truth of the fact asserted, then the evidence is circumstantial evidence of this further fact-to-be-inferred. *State v. Graham*, 422 So.2d 123 (La.1982).

Furthermore, La.R.S. 15:438 provides:

The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.

In finding no merit in the defendant's argument, we are mindful of the supreme

court decision in *State v. Major,* 03-3522 (La. 12/1/04), 888 So.2d 798. In that

decision, the supreme court reversed this court's reversal of a conviction for

4

constructive possession of cocaine. A jury convicted the defendant of possession of cocaine based on his claim that he was the renter of a vehicle where 400 grams of cocaine were recovered from under the dashboard above the glove compartment. There were three individuals in the vehicle at the time of the narcotics discovery, but there was no direct testimony that the defendant knew the cocaine was present, and one of the passengers admitted that the cocaine belonged to him. This court concluded that the State of Louisiana failed to establish constructive possession. In reinstating the conviction, the supreme court stated that based on the fact that the defendant had dominion and control over the vehicle and was in a position to have concealed the drugs himself, "it was entirely reasonable for the jurors to conclude that defendant knew the cocaine had been concealed behind the glove box." *Id.* at 803. The supreme court further noted that this court erred in reviewing the circumstantial evidence separately rather than as a whole. According to the supreme court, this error was in the scope of review itself.

> The sufficiency inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but rather whether a rational fact finder viewing the evidence as a whole could have found the defendant guilty beyond a reasonable doubt. [*State* v.]Mussall, 523 So.2d [1305] at 1310-11 [(La. 1988)]. If rational triers of fact could disagree as to the interpretation of evidence, the rational fact finder's view of all of the evidence most favorable to the prosecution must be adopted. *Id.* at 1310. Based on the evidence as a whole, and viewed in its totality, reasonable fact finders could have inferred from the evidence presented at trial that the defendant was aware of the cocaine behind the dashboard and did have constructive possession of the drugs, thus rejecting the defense's hypothesis of innocence.

> Accordingly, we hold that the court of appeal erred and impinged on the fact finder's discretion by substituting its own appreciation of the evidence for that of the trier of fact when it found the evidence insufficient to support the defendant's conviction for possession of cocaine. On the contrary, the evidence at trial, considered in totality, provided jurors with a rational basis for rejecting the defense's

hypothesis of innocence that defendant unknowingly transported the cocaine and for finding beyond a reasonable doubt that he had constructive possession of the drugs concealed in the car.

*Id.* at 804.

Applying the *Toups* factors to the present case, and being mindful of the scope of review as explained by the supreme court in *Majors*, we find that reasonable fact finders could have inferred from the evidence presented that the defendant was aware of the presence of the cocaine and, therefore, in constructive possession thereof.

## DISPOSITION

We affirm the defendant's conviction and sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules——Courts of Appeal, Rule 2-16.3

6