DOMENGEAUX, Judge.
On June 8, 1987, pursuant to a plea agreement, the defendant, Jeff B. Ellis pleaded guilty to possession of a Schedule IV controlled dangerous substance, Dextro-propoxyphene, a violation of La.R.S. 40:969(C) and to driving while intoxicated, second offense, a violation of La.R.S. 14:98(A), (C). On August 3, 1987, the defendant was sentenced. For possession of Dextropropoxyphene the defendant was sentenced to serve four years at hard labor, to run consecutively from the date of sentencing with the sentence the defendant was presently serving. The defendant was also fined $1,000.00 and assessed court costs. For DWI, second offense, the defendant was sentenced to serve six months in the parish jail and fined $500.00. The DWI, second offense jail term was suspended and the defendant was placed on two years supervised probation, to commence on the date the defendant is released from prison for his possession conviction. The sole issue presented on appeal *549 is whether or not the defendant’s sentences are excessive.[1]
FACTS
On October 5, 1986, a state trooper observed the defendant, Jeff Ellis, age 26, driving in an erratic manner. The trooper signaled the defendant to stop but the defendant refused and a high speed chase ensued. The defendant was clocked driving 102 mph in a 55 mph zone. The chase ended when the defendant failed to negotiate a curve and hit several curve markers and trees. The defendant’s blood contained .36 percent grams of alcohol. Also, the defendant possessed Dextroproproxy-phene, a Schedule IV drug, for which he did not have a prescription.
In exchange for the defendant’s guilty plea to DWI, second offense, and illegal possession of a controlled dangerous substance, the State dismissed charges of speeding (La.R.S. 32:61), resisting arrest (La.R.S. 14:108.1); and operating a vehicle with a suspended license (La.R.S. 32:415).
EXCESSIVE SENTENCE
The defendant argues that his sentences are excessive[2] because the Trial Judge did not properly consider the defendant’s substance abuse problem as a mitigating factor which should support a lesser sentence.
In order for the defendant’s argument to have merit, it must initially be assumed that the defendant’s substance abuse problem is a mitigating factor that a Judge must consider in determining the appropriate sentence. La.C.Cr.P. art. 894.1 lists guidelines the Court shall consider when determining an appropriate sentence for a defendant convicted of a felony. Paragraph (B) of this article lists twelve (12) grounds that are to be accorded weight as mitigating factors. This list of mitigating factors does not include the fact that a defendant is suffering from a substance abuse problem. In fact, a substance abuse problem would indicate that the defendant is in need of correctional treatment that would most effectively be provided by an institution, a factor listed in article 894.1 which indicates that imprisonment would be in the best interest of the defendant.
After reviewing the sentencing hearing, we note that the Trial Judge did, in fact, consider the defendant’s substance abuse problem as follows:
You told the probation officer, “I don’t remember what I done or what happened. I was drunk.” and that’s similar to the statement which you’ve told the probation officer concerning this offense. And I can believe you to an extent, because if you registered .36 grams percent alcohol, I don’t even know how you could drive to any extent. Then I note another succinct summary by people who’ve known you. “People interviewed agree that subject is a young man with many problems, most of which are linked to alcohol.” I’m going to observe, though, that you’re not annointed [sic] by excessive use of alcohol. You’re either — you *550 become as they say, pickled or stewed or otherwise robbed of your senses. What I’m saying is that the use of excessive alcohol constitutes no defense and more often than not, in my view, it is an aggravating circumstance, provided that it is self — if it is voluntarily taken. Now, I didn’t intend to preach a sermon on my very first day following my little vacation, but this is such a, almost a classic case of how a young man will allow his life to be ruined by drugs and alcohol that I felt that special attention should be given to it, and I have reviewed this so thoroughly and I feel that I know you like the back of my hand. There are several offenses here on your report that reflect, if I didn’t know it better, that you have a complete disdain for the law, but the truth of the matter is that on each and every one of these occasions it’s related to alcohol. Mr. Ellis, you’re not eligible for probation under the law. You doubtless need treatment for alcohol and substance abuse. You may even need psychological evaluation or therapy. I hope that all of this can be provided by the Department of Corrections because sir, if you don’t get your head on straight and go in some other direction and leave the alcohol alone, you may spend the rest of your life in an institution. It’s that simple.
We find no error committed by the Trial Judge when he considered the defendant’s substance abuse problem to be an aggravating factor rather than a mitigating factor for which the defendant is in need of correctional treatment. In his remaining reasons for sentencing, the Trial Judge thoroughly complied with article 894.1’s requirement that the Trial Judge state his reasons for sentencing on the record. The Trial Judge considered the defendant’s age, abused childhood, prior felony conviction and letters written on behalf of the defendant. The Judge noted that the instant offenses occurred during the appeals period of the defendant’s prior offense. The benefit of reduced penalty exposure the defendant received from his plea bargain and the seriousness of the defendant’s instant offense was also noted by the Judge. We find the Trial Judge amply complied with the guidelines and requirements set forth in article 894.1.
For the foregoing reasons, we find no merit in the defendant’s assignment of error and hereby affirm his convictions.
AFFIRMED.
GUIDRY, J., concurs in the result.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also, State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also, State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.

. When the defendant’s charges are joined in a single bill of information and when the sum of each charge’s maximum possible penalty totals to more than six months imprisonment, the defendant is entitled to a trial by jury for both charges and, hence, both sentences are subject to appellate review. State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976). Therefore, since in this instance, both of the defendant’s charges were joined on the bill of information and the sum of each charge’s maximum possible penalty amounts to more than six months imprisonment we are considering the excessiveness of both of the defendant's convictions, even though the defendant’s DWI second offense is a misdemeanor and generally not subject to review on appeal, except by discretionary writ of review. La.R.S. 14:98(C); La.C.Cr.P. arts. 779, 912.1; La. Const. 1974 Art. V § 10(A).