KNOLL, Judge.
Defendant, Clinton Richardson, was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966(A)(2), and possession with intent to distribute a schedule IV substance, a violation of LSA-R.S. 40:969(A)(2). On the charge of possession of marijuana with intent to distribute, the jury convicted defendant by a vote of 11 to 1; on the remaining charge, the jury convicted defendant by a vote of 10 to 2. The sentencing court imposed a sentence of 5 years and 60 days on the marijuana conviction, and 60 days on the schedule IV conviction, with the sentences to run concurrently. Defendant appeals his convictions and sentences. We affirm.
FACTS
On June 2, 1987, Victor Jones, a deputy with the Natchitoches Parish Sheriff’s Department, received information from a confidential informant concerning alleged trafficking of narcotics. Based on that information Deputy Jones obtained a search warrant that day. The warrant authorized a search of defendant’s double-wide trailer and all outbuildings, all of which were located on the property of Thomas Moran, father-in-law of the defendant. Mr. Moran also owned a trailer and an old abandoned homesite located on the property, near defendant’s double-wide trailer. The property is near Flora, Natchitoches Parish, Louisiana.
When the deputies arrived, three men were present at defendant’s trailer: defendant, his father-in-law, Mr. Moran, and a friend of Mr. Moran. Defendant’s trailer was searched and no narcotics were found, however, cigarette rolling papers and a cigarette roller were found. The deputies then proceeded to search the old abandoned *1318 homesite, located about 75 to 80 feet behind defendant’s trailer. The old house was uninhabitable, but there was a deep-freeze located inside. The freezer belonged to Mr. Moran and was supplied electricity via an extension cord from Mr. Moran’s trailer. When the officers searched the freezer, they recovered a large bag of marijuana. Inside the large bag there were 27 smaller bags; 6 of the 27 bags were marked with $10 tags. Additionally, a small plastic bag containing four propa-cet pills was found.
At the time the search was conducted, only defendant and Mr. Moran lived on the premises. Mr. Moran lived in the double-wide trailer with defendant a few days of the week; the remainder of the time he lived in a camp located in Toledo Bend, Sabine Parish, Louisiana. Mr. Moran testified that he knew nothing about the marijuana and that defendant might have gone back and forth to the old house to get things out of the freezer.
ASSIGNMENT OF ERROR ONE
By this assignment of error defendant contends that a mistrial was warranted because of references to the investigations the officers made. Defendant contends that the trial court erred in allowing Deputy Victor Jones to testify that he was investigating the trafficking of narcotics. Defense counsel informed the court immediately after opening statements that he objected to any testimony given by a confidential informant. The trial court overruled the objection. The objectionable remarks by the State read as follows:
“Q. Now on June the 2nd of 1987 did you conduct an investigation concerning some alleged trafficking of narcotics?
MR. BONNETTE: I’m going to object at that point, Your Honor.
THE COURT: Let the objection be noted and overruled.
Q. Did you conduct an investigation concerning Mr. Clinton Richardson involving some drugs?
A. That’s correct I did.
MR. BONNETTE: Your Honor, and just for the record, I think I’m required to get my note in. Appreciate if you’d ... I would also at this point like to move for a mistrial on the basis of Article 770....
MR. WRIGHT: Your Honor, if we’re going to argue this ...
THE COURT: No, I’ve already overruled it. You can argue it to the ... we’ve argued it outside the presence of the jury. And apparently you ... the Court has made the ruling. It’s on the record and let’s move on. Your objection is noted so that if I’m wrong some appellate court can correct me.”
Defendant argues that the State’s questions sought to elicit hearsay testimony. Also, defendant contends that those questions were an impermissible reference to another crime allegedly committed by the defendant.
The State contends that it was proper for the officers to testify that they were investigating Clinton Richardson, that the investigations centered around drugs and narcotics, and that there was actually no hearsay testimony of any confidential informant admitted or testified to at the trial of this matter.
Prejudicial remarks are covered by LSA-C.Cr.P. Art. 770, 771 and 775. A mistrial should be ordered when prejudicial conduct inside the courtroom makes it impossible for a defendant to receive a fair trial. LSA-C.Cr.P. Art. 775. However, mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31 (La.1983). The determination of whether prejudice resulted lies within the sound discretion of the trial court. Id.
The remarks complained of did not unduly prejudice defendant’s right to a fair trial. See State v. Moore, 414 So.2d 340 (La.1982), U.S. cert, denied, 463 U.S. 1214, 103 S.Ct. 3553, 77 L.Ed.2d 1399 (1983); State v. Coleman, 406 So.2d 563 (La. 1981). The reference to trafficking in narcotics was made for the purpose of laying a foun *1319 dation as to how the search warrant was obtained and executed.
In order to reverse a conviction on the grounds that remarks made during the trial were improper, this court must be convinced that the jury was influenced by the remarks and that the remarks contributed to the verdict. State v. Carthan, 377 So.2d 308 (La.1979). We fail to see how the remarks complained of influenced the jury.
This assignment of error is without merit.
ASSIGNMENT OF ERROR TWO
Defendant maintains that the verdict is contrary to the law and evidence. The evidence linking defendant to the drugs was purely circumstantial. The drugs were found in a freezer located in an old house some distance from defendant’s trailer. The house where the marijuana was located was not secured in any manner. The electricity which operated the freezer was supplied by Mr. Moran and not the defendant. Defendant contends that the State failed to show that he exercised dominion and control over the narcotic substances.
The standard for appellate review in determining the sufficiency of the evidence is, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979); State v. Edwards, 400 So.2d 1370 (La.1981); State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 313 (La.1984). When reviewing a conviction based on circumstantial evidence, it must be determined when viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. State v. Austin, 399 So.2d 158, 160 (La. 1981); State v. Honeycutt, 438 So.2d 1303 (La.App. 3rd Cir.1983).
The circumstantial evidence and the Jackson v. Virginia, supra, test are not completely separate. “Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.” State v. Wright, 445 So.2d 1198, 1201 (La.1984); State v. Porretto, 468 So.2d 1142, 1146 (La.1985.)
Determination of whether there is possession sufficient to convict depends on the peculiar facts of each case. State v. Cann, 319 So.2d 396 (La.1975). Constructive possession exists when the material is not in the physical possession of a person, but is under his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983).
Defendant directs the court’s attention to State v. Norman, 434 So.2d 1291 (La.App. 3rd Cir.1983). Norman involved a reversal of a possession of marijuana charge where insufficient evidence was found to support the possession element of the charge. A search warrant was executed at the residence of Johnny Pollard. In a room alleged to be occupied by Norman a locked box was found which contained marijuana and an unsigned receipt bearing Norman’s name. The State presented no evidence to show the room where the marijuana was found belonged to Norman. The State also failed to establish: (1) the box belonged to the defendant or was subject to his dominion; (2) defendant was a resident at the apartment or that he was a frequent visitor such as to exercise control over any articles therein; and, (3) the identity of the person that had placed the marijuana in the box. No effort was made to see if Norman possessed a key to the box containing the contraband. The court found that several reasonable hypotheses of innocence had not been excluded, and Norman’s conviction was reversed.
In the present case the State presented the following circumstantial evidence: defendant lived in a trailer located about 75 to 80 feet from the old house where the drugs were found; articles that may be associated with use of illegal sub *1320 stances, i.e. rolling papers and a cigarette roller, were found in defendant’s trailer; defendant having access to the old house and freezer, might have gone back and forth between the old house and his trailer; defendant and his father-in-law were the only occupants of defendant’s double-wide trailer; Mr. Moran denied any knowledge of the drugs found in his freezer; and, Mr. Moran was gone most of the time.
Defendant lived on his father-in-law’s property for several years. The last seven or eight months, since defendant and his wife separated, defendant, for the most part, lived on the property alone. Though Mr. Moran lived in the double-wide trailer with him, he was rarely there. Mr. Moran, who was 66 years of age at the time of trial, was a retired construction worker who spent most of his time fishing at Toledo Bend, and stayed at his camp there. Mr. Moran testified that he stayed at his camp for two or three days and then returned to defendant’s trailer for a day or two. Mr. Moran also testified that he used the freezer where drugs were found to store meat and vegetables, but that he had not used the freezer for a “pretty good while”.
Defendant is the only other person with actual physical possession of the property and its buildings. These buildings are approximately 125 feet from the highway, which indicates that the area is fairly secluded. Though Mr. Moran testified that any number of people could have gone in and out of the old abandoned house, because it had no windows or doors, the fact that the bags of marijuana were marked to be sold indicates that a drug operation was in place. Any rational trier of fact could have determined that with this type of setup and drug operation, the defendant tagged the bags for sale and was selling drugs unbeknown to Mr. Moran. The jury had the benefit of strong circumstantial evidence that defendant was a marijuana user from the drug paraphernalia found in his trailer.
Viewing the evidence in a light most favorable to the prosecution, we find the record shows that defendant had the requisite control and dominion over the controlled dangerous substances to commit the offenses.
This assignment is without merit.
ASSIGNMENT OF ERROR THREE
Defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). The maximum sentence for possession of marijuana with intent to distribute is imprisonment at hard labor for not less than five years nor more than thirty years and a fine of not more than $15,000; the penalty for possession of a Schedule IV CDS with intent to distribute is imprisonment at hard labor for not more than ten years and, in addition, may be sentenced to pay a fine of not more than $15,000. LSA-R.S. 40:966(B)(2) and LSA-R.S. 40:969(B). Defendant’s sentences are 5 years and 60 days on the marijuana conviction, and 60 days on the Schedule IV conviction with the sentences running concurrently. Defendant’s sentences fall within the statutory limits. Nonetheless, it is judicially recognized that a sentence, although within the statutory limits, may violate defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aide when we review a sentence for excessiveness. State v. Bourgeois, 406 So. 2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining *1321 whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Defendant contends the sentencing court failed to follow 894.1, urging that: (1) there was no showing that there was an undue risk that the defendant would commit another crime during a period of suspended sentence or probation; and, (2) there was no showing that defendant was in need of correctional treatment or a custodial environment. The defendant is 43 years of age and has no prior felony convictions.
After reviewing defendant’s pre-sentence investigation the sentencing court stated:
“... you were an active distributor of controlled dangerous substances, particularly, marijuana. The pre-sentence report shows that you were a responsible citizen with a family and a good job until you got involved with alcohol and drugs. The sentence you’re to receive will have a two-fold [sic] purpose: first to protect our youth and the general public from your drug dealing activities and secondly, to assist you in defeating your problems with alcohol and drugs. These drugs and alcohol problems have caused the Court to conclude that if the Court gave you a suspended sentence you would continue your drug related activities, therefore your correctional treatment can only be provided by commitment to an institution. The Court has also concluded that a lesser sentence than you’re about to receive would lead you to believe that drug distribution is not a serious crime.”
After a careful review of the record, we find that the sentencing court articulated a well reasoned determination for its sentencing choice. In view of the sentencing court’s wide discretion in imposing its sentencing choice within the statutory limits, we find that defendant’s sentences are neither so disproportionate as to shock our sense of justice, nor an abuse of the sentencing court’s discretion. Therefore, we conclude that defendant’s sentences are not constitutionally excessive.
DECREE
For the foregoing reasons, the convictions and sentences of defendant, Clinton Richardson, are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.