NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-588

STATE OF LOUISIANA

VERSUS

TERRANCE A. MARTIN

\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE SUPREME COURT
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 33804-09
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy
Howard Ezell, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney Fourteenth Judicial District Court
David Palay
Carla Sue Sigler
Assistant District Attorneys
P. O. Box 3206
Lake Charles, LA 70602-3206
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
COUNSEL FOR DEFENDANT/APPELLANT:
    Terrance A. Martin

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Terrance A. Martin**

**Ezell, Judge.**

This case comes before us on remand from the Louisiana Supreme Court. When we first considered his appeal, Defendant, Terrance A. Martin, entered a guilty plea to possession of Carisoprodol (Soma), a schedule IV controlled dangerous substance (CDS), a violation of La.R.S. 40:969(C). Defendant pled guilty after his probation for prior convictions and sentences was revoked and the trial court imposed the previously suspended sentences. His motion to suppress was also denied. In *State v. Martin*, 10-588 (La.App. 3 Cir. 12/8/10), 54 So.3d 111, this court reversed Defendant's conviction, finding that the trial court erred in denying his motion to suppress drugs found on his person. The supreme court reversed the ruling of this court and remanded for consideration of Defendant's remaining assignment of error. *State v. Martin*, 11-82 (La. 10/25/11), 63 So.3d 1042. We now comply with the supreme court's directive.

## EXCESSIVE SENTENCE

By this assignment of error, Defendant argues that his sentence is excessive. No motion to reconsider was filed below, thus Defendant is limited on appeal to a bare claim of excessiveness. La.Code Crim.P. art. 881.1; *State v. Davis,* 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 1042, 01-838 (La. 2/1/02), 808 So.2d 331(citations omitted)(alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Courts agree that maximum sentences are typically reserved for the most serious offenses and the most egregious offenders. *See State v. Baker*, 08-54, 08-55 (La.App. 3 Cir. 5/7/08), 986 So.2d 682, 986 So.2d 694.

Defendant received the maximum possible sentence of five years at hard labor for possession of a schedule IV controlled dangerous substance (CDS). La.R.S. 40:969(C)(2). He was spared, however, a fine of up to $5,000.00. Additionally, the trial court ordered his sentence to run concurrently with the five and seven-year sentences previously imposed; thus, he did not receive additional time beyond those sentences.

Defendant received a significant benefit from his guilty plea. In connection with his plea agreement, the State significantly reduced Defendant's sentencing exposure by dismissing several charges pending in an unrelated case (No. 30438-

09): possession of CDS, schedule I, with intent to distribute; possession of CDS, schedule III; possession of CDS, schedule IV, with intent to distribute; and possession of CDS, schedule IV.

At the time Defendant was sentenced, the trial court did not specifically state for the record the factors considered in sentencing Defendant. The trial court did discuss, however, the circumstances of the instant offense prior to revoking his probation and denying his motion to suppress, and before accepting his guilty plea, all of which occurred just prior to sentencing.

Before revoking Defendant's probation, the trial court noted he was arrested for the instant offense only a week after being arrested and charged with several drug possession offenses. The trial court opined that Defendant had not learned any lessons from the whole process, especially by committing the offenses while on probation. The trial court observed Defendant's past criminal history, which revealed two prior convictions, simple robbery and possession of CDS, schedule II, and that Defendant received probated sentences of seven and five years, respectively.

After revoking his probation and sentencing him to the originally suspended sentences, the trial court added it would recommend Defendant be allowed to participate in any drug treatment programs or other programs that would be beneficial to him. The trial court voiced its hopes that Defendant would learn a lesson, take responsibility for his actions, and make better decisions in the future.

The trial court then proceeded with Defendant's guilty plea hearing. At that time, Defendant reported that he was twenty-five years old, had completed his GED, and could read and write the English language.

Considering the facts revealed at the proceedings just prior to sentencing, we find the record provides factual grounds which are adequate to support the

3

sentence imposed. The trial court's failure to articulate its consideration of mitigating and aggravating factors at sentencing does not change these facts. *State v. Lanclos*, 419 So.2d 475 (La.1982). Similar sentences for possession of schedule IV controlled dangerous substances were found in the jurisprudence.

In *State v. Tran*, 05-518 (La.App. 5 Cir. 12/27/05), 919 So.2d 787, the defendant received the maximum five-year sentence for possession of a schedule IV CDS, but no fine was imposed. The forty-four-year-old defendant with one prior conviction was observed by officers attempting to flag down passing vehicles at night in a known drug area, suggesting he may have been attempting to distribute the drugs in his possession. The defendant was also in possession of a box cutter at the time of the incident.

In *State v. Reed*, 615 So.2d 1027 (La.App. 1 Cir. 1993), the defendant was sentenced to the maximum five years at hard labor, but no fine was imposed. The defendant, a second felony offender, had been arrested for sixty-three different crimes, including seven felonies and twenty-one violent crimes. He also had numerous misdemeanor convictions and had been placed on probation a total of eleven times. As such, the appellate court found the defendant to be the worst type of offender.

In *State v. Richardson*, 533 So.2d 1316 (La.App. 3 Cir. 1988), the defendant was also sentenced to five years at hard labor for possession of a schedule IV CDS. The forty-three-year-old defendant had no prior felony convictions. The defendant, however, was an active distributor of controlled dangerous substances, and thus, the trial court found the maximum sentence was necessary to protect the general public from his drug dealing activities.

Lastly, in *State v. Ellis*, 525 So.2d 548 (La.App. 3 Cir. 1988), the defendant was sentenced to four years at hard labor and fined $1,000.00 for possession of a

schedule IV CDS.  This court upheld the sentence, noting that the trial court amply complied with the sentencing guidelines by considering the defendant's age, abused childhood, prior felony conviction, and letters written on his behalf.  In addition to the seriousness of the offense, the trial court also noted the offense occurred during the appeals period of a prior offense, and defendant's penalty exposure was reduced by his plea agreement.

Considering the jurisprudence cited herein, we find the Defendant's sentence is not excessive in light of his prior criminal history and the benefit received from his plea agreement.  Accordingly, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLCATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.